AMERICAN COUNTRY INSURANCE COMPANY *vs.* BERNHARD
WOODWORK, LTD., & another.[1]

Suffolk. February 3, 1992. - June 5, 1992.

Present: ABRAMS, LYNCH, O'CONNOR, & GREANEY, JJ.

*Conflict of Laws. Practice, Civil*, Appeal, Summary judgment, Special
   questions to jury, Attorney's fees, Costs. *Insurance*, Workers' compen-
   sation insurance, Coverage, Agent. *Estoppel. Workers' Compensation
   Act*, Discontinuance of payments, Coverage.

The judge in an action arising from a disputed contract for workers' com-
   pensation insurance correctly applied Illinois law in the case, where
   both parties were Illinois companies, the insurance contract was negoti-
   ated and executed in Illinois, and the relationship between the parties
   was centered there. [739]
This court declined a plaintiff's request to reconsider its holding in *Deer-
   skin Trading Post, Inc.* v. *Spencer Press, Inc.*, 398 Mass. 118, 126
   (1986), that "denial of motions for summary judgment and partial
   summary judgment will not be reviewed on appeal after a trial on the
   merits." [739-740]
In an action arising from a contract for workers' compensation insurance
   in which the insurer sought a declaration that its policy issued to the
   insured, through an independent insurance broker, did not provide Mas-
   sachusetts workers' compensation coverage to an injured worker em-
   ployed by the insured, the jury's answer to a special question that an
   employee of the independent insurance broker was acting as the agent
   for the insurer, not the insured, decided an issue of fact and was war-
   ranted by the evidence. [740-741]
In an action arising from a contract for workers' compensation insurance
   in which the Illinois insurer contended that, since it was not licensed to
   issue workers' compensation coverage in Massachusetts and the policy
   unambiguously did not contain "other States" coverage, estoppel could
   not create such coverage, there was a sufficient basis for the jury to find
   an estoppel based on the acts of the insurer's agent, where Illinois law
   recognized that an insurer could be estopped to deny liability by its own
   inaction or that of its soliciting agent. [741]

---

[1]George Greene.

In an action arising from a contract for workers' compensation insurance in which the Illinois insurer contended that it could not be ordered to pay workers' compensation benefits in Massachusetts to an injured worker because it was not licensed to issue insurance policies in Massachusetts at the time it issued the policy in question, the judge's amended order requiring the insurer to provide workers' compensation coverage in Massachusetts with respect to the injured worker was correct, where the insurer had availed itself of the Massachusetts courts and could not now be permitted to rely on the State's licensing statutes, designed to protect consumers, to restrict the court's power to fashion a fair remedy. [741-742]

In an action arising from a contract for workers' compensation insurance in which an Illinois insurer, unlicensed to issue workers' compensation coverage in Massachusetts, had been estopped from denying liability to make workers' compensation payments to a certain injured worker, there was insufficient evidence to support an independent finding of estoppel against the insurer to recover the amount of payment to the injured worker in excess of the Massachusetts rate; consequently, the injured worker was entitled to be paid, but only at the Massachusetts, and not the Illinois, rate. [742-743]

The judge in a civil action, properly applying Illinois law, did not abuse her discretion in finding that an award of the full amount of attorney's fees and costs claimed for the plaintiff's "vexatious and unreasonable" conduct would not be appropriate and, instead, awarding a lesser amount; further, there was no abuse of discretion in the judge's denial of an additional claim for attorney's fees under Mass. R. Civ. P. 54(e). [743-744]

CIVIL ACTION commenced in the Superior Court Department on July 21, 1989.

The case was tried before *Margot Botsford*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Richard L. Neumeier* for the plaintiff.

*Daniel F. Dowcett* for George Greene.

*D. Alice Olsen* (*John A. Sakakeeny* with her) for Bernhard Woodwork, Ltd.

LYNCH, J. This case arises out of a contract for workers' compensation insurance executed and issued in Illinois. The plaintiff, American Country Insurance Company (American), brought an action seeking a declaration that its work-

ers' compensation policy issued to the defendant, Bernhard Woodwork, Ltd. (Bernhard), through Wm. F. Buell, Inc. (Buell), did not provide "other [S]tates" coverage and, specifically, that it did not provide Massachusetts workers' compensation to the defendant, George Greene (Greene), a former employee of Bernhard, who was injured in October, 1988, while working for Bernhard in Massachusetts. American also sought recovery from Greene of benefits previously paid to him. Bernhard filed a counterclaim against American, alleging a breach of contract. American filed motions for summary judgment and partial summary judgment and Bernhard filed a cross motion for summary judgment. The trial judge denied all the motions. Following a four-day jury trial, the jury returned a verdict on special questions in favor of Bernhard. Thereafter, the judge entered an amended judgment declaring that American was estopped to deny Bernhard workers' compensation coverage in Massachusetts for Greene's injuries; denying American's claim for reimbursement from Greene of benefits paid before it disclaimed coverage, but allegedly paid to him by mistake; awarding Bernhard $3,550 in attorney's fees and costs under § 155 of the Illinois Insurance Code (Ill. Rev. Stat. c. 73, par. 767, § 155 [1989]) for American's "vexatious and unreasonable" conduct; denying Bernhard's counterclaim; and denying Bernhard's claim for attorney's fees under Mass. R. Civ. P. 54 (d), as amended, 382 Mass. 821 (1980), and Mass. R. Civ. P. 54 (e), as amended, 382 Mass. 829 (1981). American appealed and Bernhard cross appealed. We granted their joint application for direct appellate review. We affirm in part, reverse in part, and remand the case to the Superior Court for the entry of judgment consistent with the opinion.

1. *Background.* Bernhard, an Illinois company, manufactures architectural woodwork fixtures which it ships to shop sites throughout the country. Herta Bernhard, vice president of Bernhard, purchases insurance for Bernhard. In 1988,

Roger Reardon, vice president of Buell[2] of Libertyville, Illinois, was engaged by Ms. Bernhard to obtain various insurance policies, including workers' compensation insurance. She told Reardon that Bernhard required "all [S]tates" or "other [S]tates" workers' compensation coverage. Other States coverage provides for coverage not only in the State of the insured's domicil but also in any State in which an injury or claim arises.

On behalf of Bernhard, Reardon sent American and several other Illinois insurance companies an application for workers' compensation insurance which requested other States coverage. Buell had a nonexclusive, limited agency agreement with American whereby Buell was authorized on behalf of American to solicit applications, issue binders, collect premiums, deliver policies, and in some instances, issue policies. See note 2, *supra.* American is only licensed to issue workers' compensation insurance policies in Illinois and Michigan; therefore, it cannot issue other States policies. Previously, Reardon had solicited quotations from American for other States coverage and had been told American could not and did not issue such policies. This time, however, American did not tell either Reardon or Bernhard that other States coverage would not be provided.

In response to Bernhard's question, Reardon told her that the proposal included other States coverage. Bernhard then decided to purchase workers' compensation insurance from American. Reardon prepared and issued Bernhard a binder for the policy dated October 15, 1988. The binder was silent as to whether other States coverage was included and said nothing about any territorial limits on the coverage provided.

---

[2]Buell is an Illinois corporation engaged in both the insurance brokerage and insurance agency business. As an insurance agent, Buell had nonexclusive, limited agency agreements with several insurance companies, including American. These agreements authorized Buell to bind insurance coverage and entitled Buell to receive agency commissions. As an insurance broker, Buell had its own clients for whom it obtained insurance by soliciting various insurance carriers, including those with whom it had agency agreements, for policies to meet the needs of its clients.

Subsequently, Bernhard hired Greene to install woodwork in Boston, and on October 24, 1988, he was injured on the job. American issued its workers' compensation insurance policy for Bernhard in November of 1988.

On November 15, 1988, American began making weekly workers' compensation payments to Greene as if the benefits were due under Illinois law.[3] In June, 1989, American filed a request with the Department of Industrial Accidents (department) for a reduction of compensation. The department rejected the request because American was not authorized to issue workers' compensation insurance in Massachusetts and, therefore, ruled that it had no jurisdiction.

On July 18, 1989, American notified Bernhard and Greene that the payments to Greene had been made by mistake and that payments would cease.[4]

At the conclusion of the trial the jury answered several special questions in which they found that (1) Reardon, an employee of Buell, told Bernhard that the policy included other States coverage; (2) Reardon was American's agent at the time he made this statement; (3) American was, therefore, estopped to deny other States coverage of Bernhard's employees for the year that the policy was in effect; and (4) American was estopped to recover from Greene the workers' compensation benefits it paid to him between November, 1988 and June, 1989. Because the jury found that American was estopped to deny liability by the actions of Reardon, it did not answer the special question that asked whether estoppel would arise from the conduct of American's other agents or employees. In responding to this question in the affirma-

[3]American paid Greene weekly benefits of $542.13, the Illinois rate. The Massachusetts rate would have been $444.20 per week.

[4]Greene brought suit against Bernhard under G. L. c. 152, §§ 66 and 67 (1990 ed.), seeking recovery based on the theory that Bernhard lacked mandatory workers' compensation insurance. American refused Bernhard's request that American defend the action. Greene also sought and obtained benefits of $444.20 a week from the Massachusetts Trust Fund for Uninsured Employers, including a lump-sum payment, retroactive to the date American ceased payments.

It is unclear from the record the status of this action.

tive, pursuant to Mass. R. Civ. P. 49 (a), 365 Mass. 812 (1974),[5] the judge made the following findings: "Although American had informed Buell and Reardon himself in the past that it did not provide other [S]tates coverage, it is without dispute that American took no steps to convey this information to Bernhard or to convey it again to Reardon at the time it received and responded to Bernhard's application. There is also no dispute that (1) American's binder given to Bernhard contained no indication that the other [S]tates coverage Bernhard had requested was not included in the policy; (2) Bernhard did not receive a copy of the actual policy from American until after Greene's injury; and (3) the policy itself was the first notice Bernhard received from American that other [S]tates coverage was not provided." These findings led the judge to rule that American was estopped to deny workers' compensation coverage to Bernhard for Greene's injuries because "the evidence shows there was inaction on the part of American concerning Bernhard's application request for other [S]tates coverage, and detrimental or prejudicial reliance on the part of Bernhard."

As a preliminary matter, we note the judge correctly concluded that Illinois law applied in this case since American and Bernhard are Illinois companies, the insurance contract was negotiated and executed in Illinois, and the relationship between the parties was centered there. See *Bushkin Assocs. v. Raytheon Co.*, 393 Mass. 622, 631-632 (1985).

2. *Summary judgment.* At the outset American urges this court to reconsider its holding in *Deerskin Trading Post, Inc. v. Spencer Press, Inc.*, 398 Mass. 118, 126 (1986), that "denial of motions for summary judgment and partial summary judgment will not be reviewed on appeal after a trial on the merits." American claims interpreting the written insurance policy in this case should have been decided as a matter of law and, since the policy did not contain other States coverage, summary judgment should have been granted.

---

[5] We do not reach the question whether it was proper for the judge to make additional findings in this context.

The judge denied American's motion for summary judgment on the ground that there was a genuine issue of material fact with respect to whether there was an agency relationship between Reardon and American. That such an agency relationship existed was one ground for the determination that American was estopped to deny other States coverage. (The other ground, as found by the judge, was American's own inaction.) In view of American's concession in its brief that "the trial added nothing of substance to what was before the [j]udge at the time the motions for summary judgment were argued," we decline to consider American's argument that we reverse the *Deerskin* rule.

3. *The agency of Reardon.* American first attacks the jury's special answer that Reardon was acting as the agent for American, not Bernhard.

The jury's special answers should not be set aside if they decide issues of fact and are warranted by the evidence. *Solimene v. B. Grauel & Co., KG*, 399 Mass. 790, 794 (1987). Under Illinois law an independent insurance agent may be the agent for the insurer (i.e., insurance agent) for certain purposes, the agent of the insured (i.e., insurance broker), or the agent of both parties in certain instances. *Zannini v. Reliance Ins. Co.*, 206 Ill. App. 3d 910, 915 (1990). See note 2, *supra.* Generally, the relationship between the alleged agent or broker and the insurer is a question of fact. *Id.* When an independent insurance agent's role takes on characteristics of both an agent and a broker, as Reardon's role did here, the court must look to the agent's conduct in the relevant transaction to determine the nature of the various relationships, i.e., whether the agent was acting as the agent of the insured or the insurer. *Id.* at 916. In making this determination, the following factors are considered: who called the agent into action, who controlled his actions, who paid him, and whose interests the agent attempted to protect. *Id.*

The finding that Reardon was the agent of American was warranted by the evidence. Reardon worked for Buell which had a long-standing agency agreement with American. The

Buell-American agency agreement was in effect when Reardon solicited Bernhard's business in 1988. By this agreement, Reardon was authorized to bind insurance coverage and entitled to receive agency commissions. Moreover, Reardon was in some instances authorized to sign policies on behalf of American and received bonus commission incentives for selling American's insurance products. It was not error to allow the jury to decide the question.

4. *Estoppel.* American next argues that, since it is not licensed to issue workers' compensation coverage in Massachusetts and the policy unambiguously does not contain other States coverage, estoppel cannot create such coverage. The jury found an estoppel based on the acts of American's agent, while the judge concluded that American was estopped by its own inaction to deny coverage. Illinois law recognizes that an insurer can be estopped to deny liability by its own inaction or that of its soliciting agent. See *Armstrong* v. *United Ins. Co.*, 98 Ill. App. 3d 1132, 1144-1145 (1981) (life insurance policy held effective by enforcing reasonable expectations of insured who relied on agent's inaccurate explanation that immediate coverage was provided by binder); *Wille* v. *Farmers Equitable Ins. Co.*, 89 Ill. App. 2d 377, 380-382 (1967) (insurer estopped to assert noncoverage where insured completed insurance application, was told by agent that he was insured, but agent failed to submit application to insurer or insurer failed to act on application before accident).

Because there was a sufficient basis for the jury to find an estoppel based on the conduct of Reardon, it is unnecessary for us to decide the issues raised by the judge's finding of estoppel based on the conduct of American's employees and other agents.

5. *American's other claims.* American next argues it cannot be ordered to pay workers' compensation benefits in Massachusetts because it is not licensed to issue insurance policies in Massachusetts. The judge initially ordered American to reimburse and to indemnify Bernhard for all costs and expenses Bernhard incurred in connection with Greene's inju-

ries. The order also required American to reimburse and to indemnify Bernhard for all liability incurred as a result of Greene's pending action against Bernhard and all other liability incurred "as a result of the fact that American Country Insurance Company's policy . . . did not include other [S]tates coverage." The judge amended her order to require American to provide workers' compensation coverage in Massachusetts with respect to Greene's claim. Both American and Greene argue that the judge did not have the power to order this remedy, as American is not licensed to issue insurance policies in Massachusetts. The cases relied on by American, *Barrett* v. *Transformer Serv., Inc.*, 374 Mass. 704 (1978), and *O'Dea* v. *J.A.L., Inc.*, 30 Mass. App. Ct. 449 (1991), hold, respectively, that an employee's claim under G. L. c. 152, §§ 66 and 67 (1990 ed.), cannot be defeated by an insurer's retroactive issuance of a policy, or retroactive recognition of coverage. They do not support American's position. In this case the judge issued a retroactive order that American is estopped to deny liability to make workers' compensation payments. American has availed itself of the Massachusetts courts and cannot now be permitted to rely on the State's licensing statutes, designed to protect consumers, to restrict the courts' power to fashion a fair remedy.[6] We therefore conclude the judge's amended order is correct.

American's argument based on the jurisdiction of the department does nothing to help its cause. Under Massachusetts law, the commissioner of the department must approve all workers' compensation settlements. If the commissioner will not take jurisdiction over Greene's case, the reimbursement and indemnification provisions of the order take effect.[7]

American's final argument is that it should recover the payments made to Greene by mistake. As already discussed,

---

[6]Indeed, had American in fact issued a workers' compensation insurance policy in violation of any Massachusetts statutory requirement, the policy would nevertheless be valid and binding upon American. See G. L. c. 152, § 55 (1990 ed.); G. L. c. 175, § 193 (1990 ed.).

[7]American has never claimed or offered any evidence that it was and is unable to obtain a license in Massachusetts.

there was coverage by estoppel, and consequently, Greene was entitled to be paid, but only at the Massachusetts, and not the Illinois, rate. He therefore should pay back the amount paid in excess of the Massachusetts rate. We reach this conclusion despite the jury's finding that American was estopped to recover the payments from Greene. There was no evidence to support a finding of any detrimental reliance by Greene on the excess portion of the payments other than that he spent the money. We therefore conclude that the evidence was insufficient to support an independent finding of estoppel against American to recover the amount of payment in excess of the Massachusetts rate. Accordingly, we reverse that portion of the judgment relating to payments to Greene and remand the case to the Superior Court for an amended order consistent with this opinion.

6. *Bernhard's arguments.* Bernhard contends it was entitled to recover all of its attorney's fees and costs under § 155 of the Illinois Insurance Code.[8]

The allowance and amount of attorney's fees under § 155 is in the discretion of the judge, "taking into account the totality of the circumstances." *Songer* v. *State Farm Fire & Casualty Co.*, 106 Ill. App. 3d 141, 146 (1982). Further, whether an insurer's delay is vexatious and unreasonable is a factual determination within the discretion of the trial judge. *Dark* v. *United States Fidelity & Guar. Co.*, 175 Ill. App. 3d

---

[8]Section 155 of the Illinois Insurance Code (Ill. Rev. Stat. c. 73, par. 767, § 155 [1989]) provides in pertinent part:

"(1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

"(a) 25% of the amount which the court or jury finds such party is entitled to recover, exclusive of all costs;

"(b) $25,000;

"(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action."

26, 30 (1988). In her memorandum of decision, the judge concluded that, in the circumstances, "American's failure to notify Bernhard promptly of the lack of coverage constituted unreasonable and vexatious conduct in violation of § 155." The judge further concluded that this conduct "was not sufficiently unreasonable to justify" a punitive sum under § 155. The judge also noted that "American Country's decision to disclaim coverage was not vexatious or unreasonable. . . . [T]he specific act found to be unreasonable and vexatious was a very small part of the case and the trial. In these circumstances . . . an award of the full amount of attorney fees, costs and expenses claimed, $121,330.53, would not be appropriate." She therefore awarded attorney's fees of $3,000 and costs of $550. There was no abuse of discretion.

Bernhard also claims it was entitled to recover costs under Mass. R. Civ. P. 54 (d) and (e), arguing that the judge acted improperly in stating that these costs had been "considered and awarded (in part) as part of the award of attorneys' fees and costs made under Illinois law." An award of costs under rule 54 is also within the discretion of the judge. *Labor Relations Comm'n* v. *Boston Teachers Union, Local 66,* 374 Mass. 79, 96 (1977). On the record before us we discern no abuse of discretion.

The amended judgment of the Superior Court is affirmed with respect to the estoppel and the award of attorney's fees and costs. We reverse that portion of the judgment relating to the payments of benefits to Greene. We remand the case to the Superior Court for the entry of judgment consistent with this opinion.

*So ordered.*