DISTRICT ATTORNEY FOR THE HAMPDEN DISTRICT *vs.* 355
PUBLICATIONS & another.[1]

No. 92-P-583.

Hampden. January 19, 1993. - July 30, 1993.

Present: ARMSTRONG. JACOBS. & GREENBERG. JJ

. *Practice, Civil*, Summary judgment, Appeal, Moot case. *Moot Question.*

> There was no occasion for this court to answer constitutional questions
> raised in an appeal by a party who, notwithstanding the entry of judg-
> ment in the Superior Court in its favor, appealed "from so much of the
> final judgment . . . as encompasses the order . . . denying [its]
> [m]otion for [s]ummary [j]udgment . . ." on the the constitutional is-
> sues, where only extraordinary circumstances would justify the expendi-
> ture of scarce judicial resources to review an unsuccessful interlocutory
> claim of the party who ultimately prevailed in a lower court [67], and
> where the constitutional issues raised had become moot [67-68].

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 3, 1991.

The case was heard by *George C. Keady, Jr.*, J., on mo-
tions for summary judgment.

*Barbara A. H. Smith* for Capital Video Corp.

*Nancy W. Geary*, Assistant Attorney General, for the
plaintiff.

JACOBS, J. When the district attorney brought an action in
the Superior Court pursuant to G. L. c. 272, § 28C, seeking
to have 355 identified books adjudicated as obscene, the de-
fendant, Capital Video Corp. (Capital), filed an answer
claiming to be a party interested in the dissemination of the
publications.[2] In its answer, Capital denied that the books

---

[1]Capital Video Corp., doing business as Video Expo.

[2]General Laws c. 272, §§ 28C-28H, contain in rem procedures which
are a condition precedent to criminal prosecution under § 29 for dissemi-
nation of "books." *Commonwealth* v. *Zone Book, Inc.*, 372 Mass. 366,

are obscene but acknowledged that they had been seized from a Springfield store operated by it, demanded a jury trial, and raised various constitutional issues.[3] After cross motions for summary judgment on the constitutional issues were decided in the plaintiff's favor, a jury determined the publications not to be obscene. Notwithstanding the entry of judgment in its favor, Capital appeals "from so much of the final judgment . . . as encompasses the order . . . denying [its] [m]otion for [s]ummary [j]udgment" on the constitutional issues. Two appellate principles conjoin to support our decision to decline to address those issues.

1. *Denial of motion for summary judgment.* As a general principle, the denial of a motion for summary judgment is not appealable after trial. *Deerskin Trading Post, Inc.* v. *Spencer Press, Inc.*, 398 Mass. 118, 126 (1986). While that rule may not be an absolute bar where the trial and the motion for summary judgment involve dissimilar issues, see *Bacon* v. *Federal Kemper Life Assur. Co.*, 400 Mass. 850, 851 n.3 (1987), we have been directed to no decision in which the exception has been applied to permit appeal by a prevailing party. Only extraordinary circumstances would justify the expenditure of scarce judicial resources to review an unsuccessful interlocutory claim of the party who ultimately prevailed in a lower court.

2. *Mootness of constitutional issues.* The judgment that was entered on the jury's verdict protects Capital from prosecution or injunction relating to dissemination of the books in question. General Laws c. 272, §§ 29 and 30. "Ordinarily, litigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome." *Blake* v. *Massachusetts Parole Bd.*, 369 Mass. 701, 703 (1976). Conventional doctrine dictates that courts do not de-

---

366-367 & n.1 (1977). Section 28D, as appearing in St. 1974, c. 430, § 4, allows "[a]ny person interested" in the dissemination of a book made subject to the procedures to appear, answer to the proceedings, and claim a jury trial.

[3]The constitutional claims essentially were focused upon the procedure by which the books were seized and the facial and "as applied" validity of G. L. c. 272, §§ 28C-28H.

cide moot cases. *Metros* v. *Secretary of the Commonwealth*, 396 Mass. 156, 159 (1985). On occasion, appellate discretion is exercised in favor of responding to an important moot issue which is "capable of repetition, yet evading review." *Karchmar* v. *Worcester*, 364 Mass. 124, 136 (1973), quoting from *Southern Pac. Terminal Co.* v. *ICC*, 219 U.S. 498, 515 (1911). "An issue apt to evade review is one which tends to arise only in circumstances that create a substantial likelihood of mootness prior to completion of the appellate process." *First Natl. Bank* v. *Haufler*, 377 Mass. 209, 211 (1979). We are reasonably certain that issues of constitutionality relating to G. L. c. 272, §§ 28C-28H, similar to those argued to us, will soon again arise and that they will not become moot before becoming subject to appellate resolution. Moreover, even were these issues likely to evade review, appellate courts "are particularly reluctant to answer constitutional questions which have become moot." *Matter of Sturtz*, 410 Mass. 58, 60 (1991). See *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 784 (1984) ("We are aware of no case in which this court has been willing to answer a constitutional question that was moot"). Compare *Metros* v. *Secretary of the Commonwealth, supra.*

*Judgment affirmed.*