*821 We perceive no abuse of discretion in the award of costs in the Probate Court, so if the decision were properly before us, we would in all likelihood affirm it. Compare Strand v. Hubbard, 31 Mass. App. Ct. 914, 915 (1991) (appellate deference to the exercise of informed discretion by the probate judge with respect to fees). However, we conclude that the appeal is not properly before us and must be dismissed. We also deny the appellee’s request for appellate attorney’s fees.
Practically all of the decided cases concerning court costs, at both the trial and appellate levels, involve the exercise of judicial discretion.[2] See G. L. c. 261, §§ 13 and 22; Linthicum v. Archambault, 379 Mass. 381, 390 (1979); American Country Ins. Co. v. Bernhard Woodwork, Ltd., 412 Mass. 734, 744 (1992). In this case, however, we are asked to review directly a decision as to costs by the register of the Probate Court. The plaintiffs objected to the defendants’ motion for costs, but they did not seek a hearing on the motion or ask that it be referred to a judge of that court. It appears that the register decided the motion without a hearing, and this appeal followed directly.
We have jurisdiction to review decisions of the Probate Court, G. L. c. 215, § 9; and Mass.R.A.P. 26 and G. L. c. 215, § 45, read together, provide that the Probate Court has discretion with respect .to awards of costs and expenses, including appellate costs. However, a “register” is not a judge of the Probate Court, G. L. c. 215, § 1, and clerks of courts are not empowered to perform discretionary judicial acts. See Boston v. Santosu-osso, 308 Mass. 189, 206 (1941).[3] Moreover, a judge may not delegate to others acts that are committed to his or her discretion. See Worcester County Trust Co. v. Marble, 316 Mass. 294, 301 (1944). Therefore, the decision below is not “an order, judgment, [or] decree of a probate court” that we can review. G. L. c. 215, § 9.
Beyond requiring a decision by a judge as a prerequisite to our review of a ruling as to costs, we do not prescribe a procedure to be followed in the trial court. However, we invite attention to Federal court practice, which may be instructive, particularly since Mass.R.A.P. 26 is based upon the cognate Fed.R.A.P. 39. In the event of disagreement concerning costs in the Federal Courts of Appeals or District Courts, the issues are referred to a judge to be heard and decided as in the nature of a motion. See 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure § 3985 (1977 & Supp. 1996); In re Penn Central Transp. Co., 630 F.2d 183, *822 186 (3d Cir. 1980); 10 Wright, Miller & Kane, Federal Practice and Procedure § 2679 (2d ed. 1983). Regardless of whether the matter is treated as a motion for an award that is subject to opposition, or as a judicial review of a ruling by the clerk, the decision is not an appealable order until a judge has acted. Because the register’s ruling here is not a final judgment of the Probate Court, the appeal must be dismissed.
Robert S. Leo for the plaintiffs.
Damon J. Borrelli for the defendants.

So ordered.

 Some cases are nondiscretionary in the sense that they involve a claimed cost that is fixed by statute, see G. L. c. 261, § 23, or one that is not generally allowable except by statute. See Waldman v. American Honda Motor Co., 413 Mass. 320 (1992).

 According to the record, the register assessed costs on October 6, 1994. Thereafter, on April 13, 1995, a Probate Court judge ruled that an appeal from that assessment was timely and could proceed. However, it does not appear that the judge considered or reviewed the assessment.