Coven, J.
This is a Dist./Mun. Cts. R. A D. A, Rule 8A expedited appeal by the defendant of certain trustee process proceedings pursuant to G.L.c. 246, §1 et. seq. The defendant charges that the court’s denial of his request for an evidentiary hearing to determine if the funds were held by the trustee “absolutely and without any contingency’’ constituted a deprivation of his constitutional and statutory rights.
The plaintiff brought this action to enforce a judgment entered by the Brookline Division of the District Court Department on October 16,1996. Execution issued on that judgment on December 5,1996. Upon the defendant’s refusal to satisfy the judgment and execution, the plaintiff commenced supplementary process proceedings in the Brookline Division. During the pendency of those proceedings, the plaintiff filed this suit on the Brookline judgment in the Cambridge Division, and moved for an ex parte attachment by trustee process of funds held by Bank-Boston in the defendant’s name.
The ex parte attachment by trustee process was allowed in August, 1997. Bank-Boston answered that it held funds in the name of the defendant in the amount of $5,011.10. Despite proper notice, the defendant never filed a motion to modify or dissolve that trustee process.
On September 5,1997, the plaintiff filed a motion to charge the trustee pursuant to G.L.c. 246, §39. On October 2, 1997, the defendant filed an objection and a request for a G.L.c. 246, § 17 hearing on the issue of whether the funds held by the trustee were due to the defendant “absolutely and without contingency” at the time of service of the trustee summons as required by G.L.C. 246, §24. The trial court denied the defendant’s request for an evidentiary hearing, and allowed the plaintiff’s motion to charge the trustee. Thereafter, on October 21,1997, summary judgment was entered for the plaintiff and the defendant filed a notice of appeal to this Division.
On February 5,1998, the defendant paid the Brookline Division judgment, and the execution was marked satisfied in full by order of that court. The Cambridge Division then allowed the defendant’s motion to dissolve the trustee process attachment and to discharge the trustee. The defendant received all interest which had accrued on the BankBoston funds during the pendency of the attachment.
1. The defendant’s sole contention is that the trial court denied his constitutional right to due process by refusing to hold an evidentiary hearing, prior to charging the trustee, to determine if the trusteed funds were held “absolutely and without any contingency.” Section 16 of G.L.C. 246 states that a party “may allege and prove any facts material” in determining “how far [the trustee] is chargeable.” *138 Section 17 of G.L.c. 246 provides that any question of fact which arises from §16 allegations may be tried and determined by either the trial court or by a jury.
The defendant failed in this case to allege any material fact giving rise to a genuine question of fact which would have required a §17 hearing. The trial court was presented with nothing more than the defendant’s unsubstantiated and eonclusory allegation that the funds, identified in the trustee’s answer as held in the defendant’s name, were not held without contingency. The defendant not only did not submit an affidavit or other competent evidence, but also failed to advance even an unsworn factual assertion explaining the basis of his allegation. No specific facts were presented that the funds were in any way encumbered, or were not the sole property of the defendant. The present case is thus distinguishable from Karp v. First Nat'l Bank of Boston, 295 Mass. 365 (1935), in which in a suit against one Jacob Karp, the trustee answered that it held funds in the name of Dorothy Karp and paid such funds in satisfaction of a judgment against Jacob Karp. The trustee’s answer itself thus raised a material issue as to whether the funds in question had been held without contingency, and would have necessitated a hearing had Dorothy Karp intervened in the first action.[2] See also Arthur D. Little, Inc. v. East Cambridge Sav. Bank, 35 Mass. App. Ct. 734, 740 (1994).
There was thus no error in the trial court’s refusal to allow a §17 evidentiary hearing given the defendant’s failure to demonstrate a material question of fact necessitating such hearing as required by the statute.
2. Even if the defendant had presented the requisite factual predicate for such a hearing, this Division would still decline to answer the hypothetical question posed by this appeal. The judgment and execution in the original Brookline case have been satisfied, the attachment was dissolved upon the defendant’s motion, and the funds have been returned to the defendant. It is established that courts generally decide only “actual controversies.” In the Matter of Sturtz, 410 Mass. 58, 59 (1991); Metros v. Secretary of the Commonwealth, 396 Mass. 156, 159 (1985). The issue in the present case is not one which is readily capable of repetition, yet evading review, which would constitute an exception to the general rule that courts should not answer questions which have become moot. In the Matter of Sturtz, supra at 60; Commonwealth v. Yameen, 401 Mass. 331, 333 (1987). As the trustee process attachment herein has been dissolved and the funds returned to the defendant, he no longer has a personal stake in the outcome of the question raised on this appeal that he was unconstitutionally deprived of an evidentiary hearing. That question is now moot. District Attorney for the Hampden District v. 355 Publications, 35 Mass. App. Ct. 66, 67 (1993)
Appeal dismissed.
So ordered.

 In the subsequent suit by Dorothy Karp, the remedy for the trustee bank’s failure to identify the funds properly was a judgment against the bank for the amount of the funds trusteed and paid in satisfaction of Jacob Karp’s debt.