MARJORIE SKOWRONSKI[1] *vs.* MARC S. SACHS.[2]

No. 03-P-831.

Worcester. May 18, 2004. - December 7, 2004.

Present: GREENBERG, PORADA, & GELINAS, JJ.

*Practice, Civil,* Waiver. *Waiver. Fraud. Agency,* Liability of agent. *Consumer Protection Act,* Damages, Attorney's fees.

In a civil action in District Court alleging the defendant made misrepresentations in violation of G. L. c. 93A when he sold a diamond to the plaintiff, the defendant properly preserved the issue of the sufficiency of the evidence, despite having failed to file requests for rulings of law pursuant to Mass.R.Civ.P. 64A, 423 Mass. 1410 (1996), by filing a motion for directed verdict pursuant to Mass.R.Civ.P. 50, 365 Mass. 814 (1974) [631-633]; moreover, the mere fact that the defendant was acting as an agent for his employer, the jewelry store, when he made the representations about the diamond, did not insulate him from liability for the damages caused by his reckless misrepresentations concerning the diamond's grade and color irrespective of defendant's actual knowledge of the inferior grade of the diamond [633-634]; and the judge's award of treble damages and attorney's fees was warranted [634].

CIVIL ACTION commenced in the Worcester Division of the District Court Department on August 9, 1999.

The case was heard by *Robert L. Howarth,* J.

*Penelope A. Kathiwala* for the defendant.

*Wayne P. Tupper* for the plaintiff.

GREENBERG, J. After a bench trial in the District Court, a judgment in the amount of $11,370 was entered in favor of the plaintiff. That general finding reflected $2,000 in compensatory

---

[1]Doing business as Northern Lights Antiques.

[2]The defendant's name is spelled as both Mark and Marc in the documents before us. The complaint, upon which we would normally rely, is not included in the record appendix. We adopt the spelling used by the defendant on his business card, which was introduced as an exhibit at trial and which is reproduced in the record appendix.

damages for the defendant's misrepresentations in the sale of a diamond to the plaintiff. The plaintiff was awarded treble damages and attorney's fees under G. L. c. 93A, based on the same facts, which the judge concluded were unfair and deceptive practices.[3] The Appellate Division dismissed the defendant's appeal because he filed no requests for rulings of law pursuant to Mass.R.Civ.P. 64A(b), 423 Mass. 1410 (1996), thus allegedly failing to preserve any issues for appellate review. We reverse the decision of the Appellate Division but conclude that the decision of the District Court is correct.

The trial judge's brief memorandum and order does not constitute findings of fact under Mass.R.Civ.P. 52(c), as appearing in 423 Mass. 1408 (1996), from which the defendant may appeal, as the trial judge acknowledged in his memorandum and order. See *Stigum* v. *Skloff*, 433 Mass. 1011 (2001). From the evidence, the judge could have found as follows. In January, 1988, the plaintiff went to Diamond Jewelers (store) in Worcester, seeking to trade her fifty-two point marquise-shaped diamond ring toward a better diamond. There she spoke with the defendant, whose father and brother owned and operated the store. He showed her a larger diamond that he appraised as "F colour [grade] and a clarity grade of VVS1." The defendant could appraise diamonds but was not qualified to certify the grade of the diamond, a speciality reserved to certain laboratories, a circumstance of which he failed to inform the plaintiff. His business card, which he gave to the plaintiff, stated: "Graduate Gemologists in Residence Gemological Institute of America." It also stated that the store did appraisals. The plaintiff traded her fifty-two point marquise-shaped diamond ring plus $2,625 for the diamond that the defendant showed her.

Nearly ten years later, the plaintiff sought to trade in this diamond with a different jeweler, who informed her that it was not an F color grade, but a G color grade with a lower value.

1. *Waiver of appeal.* The sole issue of law argued by the defendant on this appeal is one of the sufficiency of the evidence

---

[3]The defendant refers to the G. L. c. 93A claim as having been brought under § 11 and does not challenge its applicability. It appears that the plaintiff's allegations assert a claim under G. L. c. 93A, § 9, but the point was not developed at trial or on appeal to the Appellate Division.

adduced at trial. The defendant contends that the evidence categorically required a finding in his favor as a matter of law. There is, however, a threshold question whether the defendant's appeal affords a permissible basis for our review of that contention. The defendant failed to file a request for a ruling of law in District Court, pursuant to Mass.R.Civ.P. 64A, 423 Mass. 1410 (1996), the applicable portion of which reads as follows:

> "In District Court proceedings, to obtain a ruling that the evidence is insufficient as a matter of law to permit a general finding in the opposing party's favor, the requesting party shall file a written request for such ruling."

Unlike a trial de novo, an appeal to the Appellate Division or any appellate court is restricted to issues properly raised in the trial court and preserved for appellate review. The burden for doing so is not onerous. Rule 64A sets forth not only the method, but also the specific language for a request for a ruling of law on the sufficiency of the evidence. All that is required is for the party to submit to the trial judge at the close of all evidence a written request on the following form: "The evidence does not warrant a finding for the [opposing party] and therefore a finding for [the requestor] is required as a matter of law." Mass.R.Civ.P. 64A(b)(2). By his own admission, the defendant in the instant case failed to follow this simple procedure.

Our inquiry, however, does not end there. At least for a defendant, requests for rulings of law are not the only way to obtain appellate review of the sufficiency of the evidence. It has been suggested that a motion for involuntary dismissal pursuant to Mass.R.Civ.P. 41(b)(2), 365 Mass. 803 (1974), may also be employed to raise and preserve the issue. Perlin & Connors, Civil Procedure in the Massachusetts District Court § 12.8, at 366 n.68 (3d ed. 2003).

Here, the defendant argues that he has properly preserved the issue by filing a motion for directed verdict pursuant to Mass.R. Civ.P. 50, 365 Mass. 814 (1974), at the close of the plaintiff's case and at the completion of all the evidence. A directed verdict motion is an anomaly in a nonjury trial. However, we discern no reason why such a motion, when made by a defendant at a bench trial, may not be treated as a motion for involuntary

dismissal under rule 41(b)(2). See Perlin & Connor, Civil Procedure in the Massachusetts District Court § 9.36, at 289. Both raise the sufficiency of the evidence issue.[4] Thus, the issue whether a finding for the plaintiff was not warranted and a finding for the defendant was required was properly preserved.

2. *Liability of the defendant.* Of the two remaining issues on appeal, only one deals with liability.[5] Turning to the individual liability question, it was undisputed that when the defendant misrepresented the quality of the diamond at the time of the sale, he was acting as an agent or employee of the store. The defendant introduced no evidence that would have required a finding in his favor that he was not an employee of the store or that his misrepresentation of the grade of the diamond was not material to induce the plaintiff to make the purchase. The trial judge's finding, that the defendant "could have readily ascertained the truth by sending the diamond for a grade certification," was sufficient to support the conclusion that the "defendant's representation was recklessly made." *Briggs* v. *Carol Cars, Inc.*, 407 Mass. 391, 396 (1990).

The misrepresentation, coupled with the defendant holding

---

[4]The test for a motion for directed verdict is "whether 'anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which reasonable inference could be drawn in favor of the plaintiff.' " *Brown* v. *Gerstein*, 17 Mass. App. Ct. 558, 560 (1984), quoting from *Raunela* v. *Hertz Corp.*, 361 Mass. 341, 343 (1972). "Under Rule 41(b)(2), however, 'a trial judge is not limited to that standard of proof required for a directed verdict . . . , [but] rather, . . . is free to weigh the evidence and resolve all questions of credibility, ambiguity, and contradiction in reaching a decision.' " Perlin & Connor, Civil Procedure in the Massachusetts District Court § 9.36, at 289, quoting from *Ryan, Elliott & Co.* v. *Leggat, McCall & Werner, Inc.*, 8 Mass. App. Ct. 686, 689 (1979).

[5]On appeal, the defendant also claims that the trial judge impermissibly deferred ruling on his motion for summary judgment until a completion of the trial. We need not address this issue because, generally, there is no right of review of a summary judgment motion where the case has proceeded to trial on the merits, see *Deerskin Trading Post, Inc.* v. *Spencer Press, Inc.* 398 Mass. 118, 126 (1986); *American Country Ins. Co.* v. *Bernhard Woodwork, Ltd.*, 412 Mass. 734, 739-740 (1992); *Johnson* v. *Massachusetts Bay Transp. Authy.*, 418 Mass. 783, 785 (1994); *District Attorney for the Hampden Dist.* v. *355 Publications*, 35 Mass. App. Ct. 66, 67 (1993); *Sturbridge* v. *McDowell*, 35 Mass. App. Ct. 924, 926 (1993); *Macksey* v. *Egan*, 36 Mass. App. Ct. 463, 467 n.8 (1994), unless the summary judgment issue is on a different claim than was tried. See *Bacon* v. *Federal Kemper Life Assur. Co.*, 400 Mass. 850, 851 n.3 (1987).

himself out as a certified appraiser and failing to disclose to the plaintiff that he was not qualified to certify the grade of diamonds, belie his related argument that he could not be found liable under G. L. c. 231, § 85J, or G. L. c. 93A, without proof of his actual knowledge of the inferior grade of the diamond. The trial judge was free to balance evidence that the defendant relied on his father's assessment of the diamond against the defendant's own expressed expertise and representations made to the plaintiff at the time of the sale.

The mere fact that the defendant was acting as an agent for his employer, the store, when he made the representations about the grade and color of the diamond ultimately purchased by the plaintiff does not insulate him from liability for the damages caused by his fraudulent misrepresentations. It is well established that an agent is liable in tort when he or she makes a negligent or fraudulent misrepresentation actionable within ordinary tort principles. See *Jefts* v. *York,* 10 Cush. 392, 395 (1852); *Mendelsohn* v. *Holton,* 253 Mass. 362, 367 (1925); *Henry W. Savage, Inc.* v. *Friedberg,* 322 Mass. 321, 324 (1948).

3. *Treble damages and attorney's fees.* The defendant challenges that portion of the judgment that requires him to pay $6,000 in triple damages and $5,370 in attorney's fees pursuant to G. L. c. 231, § 85J, and G. L. c. 93A.[6] He argues that there was insufficient evidence that he engaged in unfair and deceptive trade practice because "any negligence on [his] part did not rise to the level of recklessness, as the actual grade of the diamond was not readily ascertainable by him." He also argues that his actions were not "wilful" because the grading of diamonds is not "an exact science," but "rather, a matter of differing opinion." As it has already been shown, these arguments are without merit.

The decision of the Appellate Division dismissing the defendant's appeal is vacated. The judgment of the District Court, entered June 12, 2001, is to stand.

*So ordered.*

---

[6]The judge appropriately tripled damages only once even though the evidence warranted violation of both statutes.