NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1170

SARAH H. WELCOME

vs.

CHRISTIE BRIZIDA, trustee,[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Sarah H. Welcome (Welcome) obtained default judgments in the Superior Court against, inter alia, Dana M. Chiles (Chiles). To ensure the judgments against Chiles could be satisfied, Welcome then amended her complaint to add claims to reach and apply real property held in trust, contending that Chiles was the beneficial owner of that property.  After a jury-waived trial on Welcome's reach and apply claims, and in response to

---

[1] Of the Nine Dukes Road Realty Trust.

[2] Chiles Holdings, LTD; Chiles Development Corp.; Dana M. Chiles; Shoney, LLC; Steven Grant, cotrustee of the Nine Dukes Road Realty Trust; Christie Brizida, trustee of the Equestrian Realty Trust; and Chiles Investment Group, Inc.  These defendants have not participated in this appeal.

special questions, the judge found that Chiles was the sole equitable and beneficial owner of the property at 9 Dukes Road, Nantucket (property), and Welcome was entitled to a resulting trust for that property. Christie Brizida (Brizida), as trustee of the Nine Dukes Road Realty Trust, challenges the judgment.[3] We discern neither abuse of discretion in the judge's order limiting Chiles's trial testimony, nor prejudice resulting from that order. Moreover, we are satisfied that the evidence presented at trial was sufficient to support the judge's verdicts. Accordingly, we affirm.

Background. The history of this appeal spans more than a decade. For the purposes of our decision, it is sufficient to say that, in 2014, Welcome sued Chiles and others in connection with a loan she made to Chiles. In 2015, Welcome obtained default judgments of approximately $282,000 against Chiles and three entities over which Chiles exercised control. The Superior Court issued executions and, in 2018, after failing to obtain satisfaction of the executions, Welcome amended her complaint to add claims against Paulette Mosley, as trustee of the Nine Dukes Road Realty Trust (later substituted for successor cotrustees, Brizida and Steven Grant); Brizida, as

_____

[3] Chiles noticed an appeal from the judgment, but did not docket that appeal. Brizida is thus the only appellant.

2

trustee of the Equestrian Realty Trust; and Chiles Investment Group, Inc.  These claims were for fraudulent transfer, see G. L. c. 109A, § 5; statutory and common law reach and apply, see G. L. c. 214, § 3 (6); and violations of G. L. c. 93A, §§ 2 and 11.

Chiles Investment Group, Inc. was defaulted on the amended complaint.  In 2023, however, the remaining parties agreed to try the reach and apply claims and the c. 93A claims in a jury-waived trial, pursuant Rules 20(2)(h) and 20(8) of the Rules of the Superior Court (2022) (Superior Court Rules).  At the close of the plaintiff's case, defense counsel moved for a directed verdict on all counts at issue in the trial; the judge allowed the motion as to Welcome's c. 93A claims only.[4]  The defense then sought to recall Chiles as a rebuttal witness.  When the judge denied that request, the defense called one additional fact witness before resting.

Ultimately, the judge found in favor of Welcome on her statutory and nonstatutory claims to reach and apply.  In her answer to special questions, the judge found that Chiles was the sole beneficial owner of the property, and that the property was

_____

[4] Because this case was tried without a jury, we understand the judge to have treated the motion for a directed verdict as a motion for involuntary dismissal.  See Mass. R. Civ. P. 41 (b) (2), 365 Mass. 803 (1974); Skowronski v. Sachs, 62 Mass. App. Ct. 630, 632-633 (2004).

3

subject to a resulting trust in favor of Welcome.[5]  This appeal followed.

Discussion.  1.  Denial of defendants' request to recall Chiles in rebuttal.  We are not persuaded that the judge in this case abused her "substantial discretion" in denying the defendants' request to recall Chiles as a rebuttal witness. Shafnacker v. Raymond James & Assocs., Inc., 425 Mass. 724, 732 (1997).  The judge provided defense counsel with a full and fair opportunity to cross-examine Chiles -- who was his own client and a friendly witness -- when Welcome called Chiles to testify. At trial, defense counsel explained his need to recall Chiles by stating that Chiles's additional testimony was necessary "[t]o rebut the assertions of Miss Fair[6] and Miss Welcome."  Defense counsel made no offer of proof beyond that statement, nor did he argue that Fair's or Welcome's testimony included any newly discovered evidence.  Notably, counsel also did not challenge the judge's explicit finding that, "given the length of time that this litigation in multiple facets ha[d] been ongoing . . .

---

[5] The judge also found, however, that Chiles had no right to a second piece of property at 3 Equestrian Way, Berkley. Welcome does not challenge this, or any of the judge's other determinations.

[6] Elizabeth Fair was Chiles's former employee and had, by the time of the trial in this case, been engaged in her own lawsuit against Chiles for approximately three years.

there [could not] be anything that surprised anybody and could not have reasonably been anticipated prior to trial."[7]  Cf. Commonwealth v. Hicks, 375 Mass. 274, 276-277 (1978) (acknowledging, in criminal contexts, that "[c]ourts have found . . . abuse[s] of discretion where the refusal to permit recall of a witness unreasonably deprives [a] defendant of an opportunity to present newly discovered information material to the defense").

Even if we were to conclude that the judge had exceeded her discretion, however, we would still not reverse, as Brizida has not demonstrated that she was prejudiced by the judge's ruling. See Abramian v. President & Fellows of Harvard College, 432 Mass. 107, 123 (2000); Cohen v. Liberty Mut. Ins. Co., 41 Mass. App. Ct. 748, 752 (1996).  "Establishing prejudicial error in the exclusion of evidence requires the proponent of the excluded evidence to make 'a plausible showing that the trier of fact might have reached a different result if the evidence had been before it.'"  Cohen, supra, quoting DeJesus v. Yogel, 404 Mass. 44, 48-49 (1989).  No such showing has been made here.

---

[7] Brizida argues in her brief that defense counsel made a strategic choice to have Chiles "testify briefly" during Welcome's case in an effort to "preserv[e] his right to file a [m]otion for [involuntary dismissal] at the close of Ms. Welcome's case in chief."  Putting aside the merits of this argument, however, it was not raised to the judge, and so was waived.  See Trapp v. Roden, 473 Mass. 210, 220 n.12 (2015).

5

2. Beneficial ownership of 9 Dukes Road. Brizida has likewise failed to show that the judge erred in finding (as reflected in her answers to special questions) that Chiles was the "100% equitable or beneficial owner[] of 9 Dukes Road." The parties agreed to try this case in accordance with Superior Court Rules 20(2)(h) and 20(8). Accordingly, on appellate review, we will uphold the judgment if "anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the [prevailing party]." Rabassa v. Cerasuolo, 97 Mass. App. Ct. 809, 814 (2020), quoting Dobos v. Driscoll, 404 Mass. 634, 656, cert. denied, 493 U.S. 850 (1989). See Spinosa v. Tufts, 98 Mass. App. Ct. 1, 10 (2020) (standard of review applicable to verdict by jury applies to judge's answers to special questions); Superior Court Rule 20(8)(b) ("[A]ppellate review of the court's decision and of the judgment entered shall be according to the standard of review that would apply to a verdict by a jury in a case tried to a jury and to the judgment entered thereon").

At trial, Welcome presented evidence from which the judge could have found that, at the time, the property was held by the

6

trustee of the Nine Dukes Road Realty Trust.[8]  Specifically, there was evidence to show that the sole beneficiary of the trust was Beatus VIR, LLC (Beatus), and that Chiles was the "sole member" of Beatus.  This evidence was sufficient to establish that Chiles alone held beneficial title to the property, despite the trustee's retention of its legal title. See Dickey v. Inspectional Servs. Dep't of Boston, 482 Mass. 1003, 1004 (2019) (discussing sole member of LLC in terms of member's "ownership" interest in LLC); Caputo v. Moulton, 102 Mass. App. Ct. 251, 258 (2023), citing 90 C.J.S. Trusts § 249 (2020) (beneficiary, and not trustee, holds beneficial title to trust res).  To the extent Brizida argues that there was evidence from which the judge could have reached a different conclusion, her argument fails to recognize our standard of review.  See Rabassa, 97 Mass. App. Ct. at 814.  We discern no

---

[8] Paulette Mosley, Chiles's mother, was the trust's original trustee.  She was succeeded by Brizida and Steven Grant, as cotrustees.

7

error in the judge's answers to special questions, nor in the resulting judgment.  See id.

Judgment affirmed.

By the Court (Rubin, Hand & Brennan, JJ.[9]),

Clerk

Entered:  January 9, 2025.

---

[9] The panelists are listed in order of seniority.