NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-593

IN THE MATTER OF THE SALLY A. CONNOLLY TRUST.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The petitioner, Kathleen Connolly, is the trustee of the Sally A. Connolly Trust (trust).[1]  Kathleen's mother, Sally, who died in September 2015, was the settlor of the trust.  Kathleen and her three siblings, Sean, Jennifer, and Kelly are the beneficiaries.  In 2018, in accordance with her administrative responsibilities, Kathleen filed a general trust petition to which Sean and Kelly objected.  Litigation ensued and was ongoing when, in September 2019, Kathleen filed a petition for allowance of the first and final trust account (petition). Ultimately, after prolonged negotiations and further litigation, the matter went to trial in the fiduciary litigation session of the Probate and Family Court.  Kathleen, Sean, and Kelly

_____

[1] With one exception (Kelly Colby), the parties share last names.  We therefore refer to them by their first names for ease of reference.

testified as did various experts.  At the conclusion of the trial, the judge entered a detailed and comprehensive decision and allowed the petition.  The judge also ordered Kathleen to reimburse the trust $545, allowed a trustee fee to Kathleen of $28,910, allowed an award of attorney's fees to counsel for Kathleen as trustee in the amount of $180,000, denied Sean's motion for attorney's fees, and ordered Sean and Kelly to reimburse the trust for their portion of the attorney's fee award in the amounts of $45,000 and $15,000 respectively.  Sean appeals from the decree.[2]

As an initial matter, we address Kathleen's argument that the appeal should be dismissed due to Sean's failure to comply with the Rules of Appellate Procedure.  We agree with Kathleen that Sean's brief and appendix are lacking in many respects. The brief does not contain an adequate statement of the case, see Mass. R. A. P. 16 (a) (6), as appearing in 481 Mass. 1628 (2019), and has no statement of the facts, see Mass. R. A. P. 16 (a) (7).  In addition, the brief includes improper argument and unfounded accusations of misconduct on the part of the judge and the parties.  See Mass. R. A. P. 16 (a) (9).  Lastly, the appendix utterly fails to comply with Mass. R. A. P. 18, as appearing in 481 Mass. 1637 (2019).  Sean's failure to provide

---

[2] Sean is a licensed attorney and represents himself in this appeal.  Kelly has not appealed.

2

us with a transcript of the trial, as required by Mass. R. A. P. 18 (b) (4), is particularly troublesome and ordinarily would result in a waiver of many of the issues Sean has raised on appeal.  See Cameron v. Carelli, 39 Mass. App. Ct. 81, 83-84 (1995).  However, because Kathleen has submitted a supplemental appendix which contains the transcript of the trial, we have an adequate record of the proceedings.  We therefore now turn to the merits of the appeal.

Background.  We recount only those facts and aspects of the procedural history necessary to give context to our discussion. As we have noted, Sally's children are the beneficiaries of the trust and Kathleen is the trustee.  Kathleen also was appointed as the personal representative of Sally's estate.  The primary trust assets were two properties -- a house in Danvers that has since been sold, and a house in Ossipee, New Hampshire.  The siblings agreed that $200,000 was a fair purchase price for the Ossipee property and, at various times, Kathleen and Sean both expressed interest in purchasing the property.  Sean submitted several purchase and sale agreements, but none of them were executed.  Ultimately, in July 2018, Kathleen filed a general trust petition seeking to move forward with purchasing the Ossipee property herself.  Sean filed an objection, and the same judge who later presided over the trial entered a decree on June 25, 2019, ordering the sale of the property to Sean within

3

forty-five days for $200,000, with Sean paying $150,000 with the remaining $50,000 from Sean's one-quarter interest in the sale price as a trust beneficiary. The decree provided that Kathleen as trustee could sell the Ossipee property to herself individually under the same terms and conditions if Sean did not purchase the property. Sean did not purchase the property pursuant to the court's decree by the specified date (and later extended by agreement of Kathleen), and Kathleen purchased the Ossipee property for $200,000 in August 2019. Thereafter, Kathleen filed a petition for allowance of the first and final trust account. Sean and Kelly filed objections which primarily related to the expenses for the Ossipee property after January 2017, legal fees, and trustee fees.

After a five-day trial held on nonconsecutive days, the judge issued detailed written findings based, in part, on his assessment of Kathleen and Sean's credibility. Relevant here, the judge found that Kathleen did not prevent Sean from buying the property. Rather, Kathleen repeatedly attempted to accommodate Sean's expressed intent to purchase the property but his failure to close on the property delayed the sale. The judge also found that Kathleen did not breach her fiduciary duty. Additionally, the judge found that with two minor exceptions, all of the various expenses associated with the upkeep and maintenance of the property were reasonable and

4

necessary to prevent damage and that Sean's objections to them were not supported by the evidence. The judge further found that Kathleen was entitled to reasonable compensation for her work as trustee and the amount she requested was fair and supported by contemporaneous, detailed time records. Based on expert testimony, which the judge credited, and detailed billing records, the judge allowed Kathleen's request for attorney's fees. Because, as the judge found, Sean's objections lacked merit and resulted in an increase of attorney's fees for the trust and a delay in the administration of the trust, Sean's request for attorney's fees was denied.

Discussion. Sean raises numerous arguments on appeal. From what we can discern from his brief, he claims (1) the judge should have held the trial on consecutive days and failed to issue his written decision within ninety days; (2) the judge erred by not ruling on his motions for a directed verdict; (3) the judge erred in failing to sequester the witnesses, including a retired judge who served as an expert witness for Kathleen; (4) the trial judge, Kathleen as trustee, and her counsel undertook a concerted action amounting to a civil conspiracy to thwart his case; (5) the award of attorney's fees to Kathleen's counsel was excessive; (6) his right to a fair trial was violated because the judge chose to have the parties file written proposed findings instead of permitting oral

5

closing arguments; (7) the judge's findings were "plainly wrong"; and (8) all the judges involved in the matter violated his rights by "intentionally failing to perform their legally required judicial functions and duties; by intentionally creating miscarriage(s) of justice through countless intentional, malicious, grotesque abuse(s) of power; and by their intentional, ongoing, malicious, biased, and prejudicial maladministration of justice."

We have considered these arguments and conclude that none of them have merit. It suffices to note the following. First, because Sean did not object to the trial schedule or the time spent by the judge to write his decision, these claims are waived. See Wildlands Trust of Southeastern Mass., Inc. v. Cedar Hill Retreat Ctr., 98 Mass. App. Ct. 775, 787-788 (2020). Even if they were not waived, we discern no abuse of discretion. It was appropriate to schedule the trial in a manner that best promoted efficiency and, contrary to Sean's assertion, the judge was not required to issue his decision within ninety days. See Probate and Family Court Amended Standing Order 3-17 (2018).

Second, the judge properly deferred ruling on Sean's motion for a directed verdict until the close of all the evidence. Rule 41 (b) (2) of the Massachusetts Rules of Civil Procedure, 365 Mass. 803 (1974) (rule 41 [b] [2]), explicitly gives discretion to the judge to do so and we discern no abuse of that

discretion here.[3]  Moreover, it was not an abuse of discretion to

take the motion under advisement, and the reasons for denying

the motion are clearly articulated in the judge's written

decision.  Lastly, it bears noting there was no objection to the

manner in which Sean's motion was handled.

Next, the judge was well within his discretion to not allow

Sean's motion to sequester witnesses.  Although Sean claims that

his motion was denied without argument, the record belies that

assertion.  The motion was addressed on the first day of trial.

Sean has not provided us with any reasoned argument suggesting

that he was prejudiced by the nonsequestration of witnesses and

our review of the proceedings provides none.

Sean's remaining arguments require little or no discussion.

Nothing in the record supports his allegation regarding a civil

conspiracy among the judges and counsel.  The argument is not

only frivolous, but disingenuous.  To the extent Sean raises a

colorable argument about the fee award for the trustee's

counsel, there was no abuse of discretion.  See Northern Assocs.

v. Kiley, 57 Mass. App. Ct. 874, 882 (2003) ("A trial judge has

wide discretion in determining the amount of attorney's fees to

be awarded to a party").  Sean's claim that the judge erred by

---

[3] When a motion for a directed verdict is made at a bench
trial, it may be treated as a motion for involuntary dismissal
under rule 41 (b) (2).  See Skowronski v. Sachs, 62 Mass. App.
Ct. 630, 632 (2004).

not hearing closing arguments and instead inviting the parties to submit a written "rationale" is similarly unavailing. Not only was there no abuse of discretion, but there was no objection to the procedure. Finally, there is no basis on which we can conclude that the judge's analysis was faulty in any respect or that Sean's rights were violated at any point during the proceedings.

Accordingly, we affirm the decree. We also allow Kathleen's request for appellate attorney's fees and costs, and we deny Sean's request for attorney's fees and costs.[4]

> Decree dated August 29, 2022, affirmed.
>
> By the Court (Vuono, Englander & Hodgens, JJ.[5]),

Paul Settle

Clerk

Entered: January 22, 2025.

---

[4] Kathleen may file a petition for fees and costs, together with supporting materials, to the clerk of this court within fourteen days of the date of this decision. See Fabre v. Walton, 441 Mass. 9, 10-11 (2004). Sean shall have fourteen days thereafter to respond. See id.

[5] The panelists are listed in order of seniority.