NORMAN CARVALHO *vs.* GEORGE SHAKER. June 22, 1972. This is an action in tort wherein the plaintiff seeks to recover for the conversion of a motor vehicle and a penalty of fifty per cent of the fair market value of the motor vehicle under the provisions of G. L. c. 255B, § 20A, subsec. E. In addition, the plaintiff seeks to recover a penalty of $500 under the provisions of sub-sec. E. The case was tried before a judge without a jury. The plaintiff excepted to the denial of his requests for rulings. A finding was entered for the defendant. The pertinent evidence was as follows. The plaintiff had purchased a used automobile from the defendant and entered into a retail instalment sale agreement with him. The car was purchased in December, 1966, for $2,240 plus finance charges, and monthly payments were to commence on January 13, 1967. The plaintiff failed to make his monthly payments in January and March, 1967. During March, 1967, the plaintiff talked to an employee of the defendant, and informed him that "he could not afford the automobile, that there was nothing wrong with the automobile, that he (plaintiff) would bring it back to him; . . . [the employee] told him to bring it back." The plaintiff, following the return of the automobile, saw it displayed in the defendant's automobile sales lot, and it was sold to a third party for $2,295 on March 30, 1967. The defendant used the proceeds to discharge the plaintiff's consumer note with Fall River Trust Company. The provisions of c. 255B, § 20A, are designed to protect the rights of retail buyers who default under a retail instalment sales contract when a motor vehicle, subject to a security interest, is repossessed. Central to the plaintiff's contention is his request for a ruling that "[a] finding . . . that the plaintiff voluntarily returned the . . . motor vehicle to the defendant would warrant a ruling as a matter of law that [the] plaintiff did not waive rights under . . . [G. L. c. 225B, §§ 20A, 20B)." The voluntary return of a motor vehicle under G. L. c. 255B does not constitute an act of repossession which is a prerequisite to the application of the statute. Cf. *Newbern* v. *Morris*, 233 Ark. 938. Therefore, the plaintiff's requests for rulings which assumed this fact were properly denied. Cf. *Fuentes* v. *Shevin*, 407 U. S. 67.

*Exceptions overruled.*

*Joseph S. Callahan* for the plaintiff.
*Antonio R. Luongo, Jr.,* for the defendant.