*Northern District*

## No. 8408

## MURIEL ANN ROSS

### v.

## STEVEN B. ELWELL

Argued: Jan. 22, 1976. Decided: March 15, 1976.

Case tried to *Tiffany, J.*, in the District Court of Peabody. No. 33896.

Present: Flaschner, P.J.*, Forte, Flynn, J.J.

**Flynn, J.** This is an action in tort and contract in which the plaintiff tenant seeks to recover damages against the defendant landlord occasioned by theft from her apartment. The answer is a general denial and comparative negligence.

*At the trial there was evidence tending to show:[1]*

The plaintiff rented an apartment on the third floor of a three dwelling building at 591 Summer Street in the City of Lynn in 1966 from one Walsh who is not a party hereto. The front door to a common entrance hall did not operate in response to keys but was buzzer activated by the tenants by means of a push button located within their respective individual apartments. The tenants accordingly did not have keys to operate the front door but customarily used the rear entrance to which each tenant did have a

---

* *Chief Justice Flaschner participated at the hearing and post-hearing conference on this matter but passed away prior to the signing of the opinion.*

[1] The summary of evidence herein includes evidence as listed in the report as well as some evidence listed by the justice in his findings. Although the model report (Form #33 in the District-Municipal Courts Rules of Civil Procedure effective July 1, 1975) requires a separate listing of the evidence and the findings, the trial justice's findings other than his conclusion that there was no negligence on the defendant's part consist entirely of a summation of evidence presented at the trial. His statements are prefaced with language such as: "There was evidence that . . ." "There was further evidence that . . . ", "There was also testimony that . . ." We are convinced that the trial justice intended that these statements be construed solely as a summary of the evidence leading up to his one finding of fact and we so treat them, although the practice of not conforming to Form #33 is to be discouraged. **Olofson v. Kilgallon,** 362 Mass. 803, 805 (1973).

key. At the time of the original letting to the plaintiff, the front door was in secure and operating condition.

The defendant purchased the property in 1968 or 1969 and became the plaintiff's landlord. The defendant occupied the first floor apartment with a separate entrance until 1973 when he moved to New Hampshire and rented the first floor apartment to a tenant. The defendant thereafter visited the premises at least once a week as he was employed in Lynn.

The plaintiff in 1973 complained to the defendant that the front door would not secure, would open if a strong wind were blowing and that unauthorized persons were found in the hallway. The defendant made some repairs as well as some substantial repairs to the plaintiff's apartment.

The plaintiff also complained about the locks leading directly to her apartment but the defendant informed her that it was her responsibility to provide the locking device for her individual apartment.

On April 22, 1974, the moulding surrounding the door to the plaintiff's apartment was jimmied and there was breaking and entering resulting in a substantial loss of personal property to the plaintiff. The plaintiff testified that the downstairs front door was not secure on the date of her loss but the evidence in behalf of the defendant was that he came to the premises after the break and determined that the said door was intact.

There was testimony that if the downstairs front door was not shut the electrically operated lock would not function and also that the defendant had placed a sign in the hall requiring the door to remain closed when not in use. The said front door also controlled an entrance to the second floor apartment which was vacant at the time of the plaintiff's loss.

The trial justice found no negligence on the part of the defendant.

The plaintiff claimed to be aggrieved by the trial justice's disposition of the following requests for rulings filed by the plaintiff and requested a report thereon:

> 3. If, at the commencement of the tenancy, the defendant provided locks for outer doors and said locks, after notice, were not repaired and theft resulted in the plaintiff's apartment the defendant can be held liable therein. *Denied— calls for a finding of fact.*

> 4. The failure of the defendant to repair the lock was casually related to the plaintiff's loss by theft of personal property, and therefore the defendant is liable. *Denied.*

> 7. The theft was not an independent intervening act as the failure to provide adequate locks to premises was casually related to the plaintiff's loss and therefore the defendant is liable. *Denied.*

We find no error.

 Request #3 was rightly refused as calling for implied findings which were not made or required as a matter of law. No findings were made that the downstairs front door lock was defective or in disrepair at the time of the break into the plaintiff's apartment nor indeed that the thief even entered the building through that door. Nor were such findings required on the evidence. There were obviously other methods of access available to the thief, the existence of any one of which would relieve the trial justice from being required to make the findings implied in this request. *Shay v. Gagne,* 275 Mass. 386, 390-395, (1931). *Simpson v. Eastern Mass. Ry.,* 292 Mass. 562, 566 (1935).

 Both requests #4 and #7 were also rightly refused as they are clearly directed to findings of fact and not rulings of law. The trial justice cannot be required to make findings of fact and cannot be required to do so by requests to that end. The only

obligation resting upon him is to pass upon pertinent requests for rulings of law. *Maglio v. Lane,* 268 Mass. 135 (1929). Here the requested findings of fact were not required as a matter of law upon the evidence in response to the requests for such findings. *Stella v. Curtis,* 348 Mass. 458, 461 (1965). *Perry v. Hanover,* 314 Mass. 167, 169, 170 (1943).

Request #7 also fails as a proper request for a ruling of law on another basis in that it, as was the case in request #3, calls for implied findings which were not made or required as a matter of law. *Liberatore v. Framingham,* 315 Mass. 538, 543 (1944). It assumes not only the fact that front door lock was defective or in disrepair but also the fact of negligence existing on the part of the defendant. No such findings were made nor were they required to be made upon the evidence. Indeed, the trial justice expressly found that the defendant was not negligent and as this finding does not lack support in the evidence it cannot be disturbed by this Division. *Codman v. Beane,* 312 Mass. 570, 573 (1942). *Elliott v. Warwick Stores, Inc.,* 329 Mass. 406, 409, 410 (1952). **Report dismissed.**