Greco, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C appeal of a judgment for the plaintiff on its complaint on an account annexed.
Plaintiffs Anne R and Howard Strauss were developers of land in Maynard. They hired plaintiff Macone Brothers, Inc. (“Macone”) to construct roads and install a drainage system on a project. Macone brought this action to recover $79,777.95 for construction work it had allegedly completed. After a two day trial, the court found in favor of Macone and assessed damages in the amount of $31,775.00.
1. A preliminary review of the record in this case indicates that the defendants have failed to present any issue of law for appellate review by this Division. The sole argument advanced by the defendants is that the court’s finding was “plainly wrong and contrary to the weight of the evidence.” In support of their contention, the defendants merely refer to selected excerpts of trial court testimony, a complete transcript of which is before us. It is not the function of an appellate court, however, to conduct a de novo review of trial court evidence, to determine anew questions of evidentiary weight and credibility and to substitute its judgment on issues of fact for that of the trial judge. Appellate review is strictly confined to consideration of issues of law appropriately raised in the trial court and preserved for appeal. Chadwick v. Desroches, 333 Mass. 768 (1955); Elliott v. Warwick Stores, Inc., 329 Mass. 406, 409 (1952).
The defendants have clearly fallen victim to what appears to be a not uncommon misconception that the three “methods of appeal” set forth in Dist./Mun. Cts. R. A D. A, Rules 8A 8B and 8C have somehow altered an appellant’s obligation to elicit rulings of law from a trial court which may be reviewed on appeal . Jerauld v. Sears, Roebuck and Co., 1991 Mass. App. Div. 53, 54. While denominated as “methods of appeal,” Rules 8A 8B and 8C are in actuality merely three different forms of a record of trial court evidence presented to, and utilized by, this Division in considering the issues of law presented on appeal. A trial judge’s findings and rulings are based on such evidence; the evidence itself does not constitute or set forth the court’s findings and rulings. Thus an appellant’s choice of the Rule 8C method of appealing on the entire record of proceedings, including a full transcript of trial testimony, in no way obviates that party’s responsibility at trial to preserve its right to appellate review by properly raising relevant issues of law by motion, request for ruling or other procedural mechanism, by securing the trial judge’s rulings of law on such issues and by insuring that said rulings are included in the Rule 8C *96 record. Nothing in either the District/Municipal Court Rules for Appellate Division Appeal, or in the new Massachusetts Rules of Civil Procedure into which the former District/Municipal Court Rules of Civil Procedure have been merged, alters the essential nature of appellate review or obviates the fundamental necessity of raising issues of law in the trial court.
2. In the instant case, the defendants’ mere characterization of the trial court’s judgment as “plainly wrong” fails to constitute a question of law properly raised in the trial court and presented on this appeal. The reason is that the defendants failed to file a request for ruling of law that the evidence was legally insufficient to warrant a finding for Macone or that the evidence instead required a finding in their favor. Mass. R. Civ. P., Rule 64A(b). In the absence of such request or of a Mass. R. Civ. P., Rule 41 (b) (2) motion for involuntary dismissal, the defendants forfeited any right to appellate consideration of whether the evidence adduced at trial supported the trial court’s findings. Reid v. Doherty, 273 Mass. 388, 389 (1930); Murphy’s Express, Inc. v. EBPJ, Inc., 1995 Mass. App. Div. 146, 148; The Victor Co. v. Chiozzi, 1994 Mass. App. Div. 240, 240-241. While file defendants did file thirty-five (35) requests, which are not part of the record before us, all of the requests were denied as seeking findings of fact rather than rulings of law. The defendants did not appeal the propriety of that determination.
3. The defendants’ contention that the court’s judgment for Macone was “plainly wrong” may have raised an issue for appellate consideration if the trial judge had elected to make written findings of fact. Even then, however, such findings would not have been set aside on appeal unless determined to be unsupported by the trial evidence or tainted by error of law and thus “clearly erroneous.” Starr v. Fordham, 420 Mass. 178, 186 (1995); Williams v. Resolution GGF OY, 417 Mass. 377, 381 (1994); Kendall v. Selvaggio, 413 Mass. 619, 620-621 (1992); Lundgren v. Gray, 414 Mass. App. Ct. 451, 456-457 (1996).
Findings of fact are accorded considerable appellate deference because of the trial judge’s superior position to assess the weight, and particularly the credibility, of oral testimony. “The trial justice determines the facts from the evidence presented at the trial... [and] may believe or disbelieve any or all of the testimony, even if uncontradicted. The credibility of the witnesses is exclusively for the trial judge.” Cumberland Farms Northern, Inc. v. Sewall, 49 Mass. App. Dec. 12, 14 (1972). “If the trial judge makes one of several possible choices of what facts are supported by the evidence, the judge’s choice is not clearly erroneous.” W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 751 (1993). The burden is on the appellant to demonstrate that a finding of fact is clearly erroneous. First Penn. Mortgage Trust v. Dorchester Sav. Bank, 395 Mass. 614, 621-622 (1985).
As the trial judge herein was, as the trier of fact, free to disbelieve even uncontroverted testimony, Calderone v. Wright, 360 Mass. 174, 176 (1971); Glazier v. Andrews, 349 Mass. 417, 419 (1965), she was obviously authorized in the face of the conflicting evidence offered in this case to reject evidence advanced by the defendants and to credit instead testimony probative of Macone’s claim. Contrary to the defendants’ contention, her disbelief of evidence in their favor would not have rendered her subsidiary or ultimate factual determinations “plainly wrong.”
4. In any event, the trial judge was not required to make written findings of fact, and did not do so. Mass. R. Civ. P., Rule 52(c). See also, Ashapa v. Reed, 280 Mass. 514, 516 (1932); Frontiero v. Brown, 1996 Mass. App. Div. 82, 83. Nor, as noted, did the defendants file proper requests for rulings of law. The defendants’ appeal presents, therefore, nothing more than their objection to the court’s general finding. It is axiomatic that:
the question of the correctness of a general finding or decision cannot be raised by an exception or claim of report [or appeal] ... The reason is *97 that exceptions or claims of report [or appeals] lie only to questions of law, and where there is a general finding, without more, fact and law are interwoven to such an extent that no question of law is presented.”
Mastercraft Wayside Furniture Co. v. Sightmaster Corp., 332 Mass. 383, 386 (1955), quoting from Muir Bros. Co. v. Sawyer Construc. Co., 328 Mass. 413, 414-415 (1952). See also MacKenzie v. Auto Supermart, Inc., 1986 Mass. App. Div. 165; Cifizzari v. D’Annunzio, 1984 Mass. App. Div. 102, 103.
Accordingly, the trial court’s judgment is affirmed. The defendants’ appeal is dismissed.
So ordered.