Brennan, J.
On or about December 22, 2000, plaintiff filed a complaint alleging that defendant breached a contract of insurance and violated G.L.c. 93A and c. 176D by failing to pay his claim. On March 22,2002, after a one-day bench trial on February 28, 2002, the trial judge entered judgment for the defendant. Aggrieved by the trial judge’s findings of fact and judgment for the defendant, the plaintiff commenced this appeal in accordance with Rule 8C of the District/Municipal Courts Rules for Appellate Division Appeal.
*134 Background. On February 28, 2000, George Hayes [hereinafter, plaintiff/appellant] contacted Arnica Mutual Insurance Company [hereinafter, defendant/appel-lee] to report that his 1997 Nissan Sentra had been damaged by a hit and run driver while the vehicle was parked in front of his residence at 28 Catherine Street in Worcester, Massachusetts. Thereafter, on March 2, 2000, plaintiff/appellant submitted an automobile accident report to the defendant/appellee stating that, “I returned from work to realize that my vehicle which was parked by the roadside has had the entire left side damaged by a hit and run driver.”
During the course of its investigation the defendant/appellee hired a damage expert who examined the damage allegedly sustained by the plaintiff/appellants motor vehicle.
After trial, the judge found that the plaintiff/appellant’s vehicle showed damage on the left front corner, the left side, as well as the front of the motor vehicle and that there was yellow paint across the front of the vehicle. The expert had reported that, after testing, the paint was inconsistent with automobile paint but was consistent with thick exterior paint. The expert further concluded that the scratches and abrasions could not have occurred during a single impact since the markings extended in different directions. In fact, the expert concluded that it appeared that the vehicle had been struck numerous times.
After trial, the judge concluded that the plaintiff/appellant’s motor vehicle had not been damaged in a “hit and run” accident. The judge further concluded that the damage may have, in fact, been caused by plaintiff/appellant.
Aggrieved by the findings, plaintiff/appellant filed this appeal. Plaintiff/appellant filed no requests for findings of fact or rulings of law.
It is clear that absent clear error in order to appeal the finding of a trial judge a party must file requests for rulings of law in order to preserve his appellate rights. Failure to request findings of fact or rulings of law as required by Rule 64(b) results in a party’s failure to preserve its right to appellate review, unless the trial judge, in his/her discretion, elects to make written findings of fact. In that case, as here, “a narrow window of appellate opportunity is created for a party who has faded to preserve his right to appellate review” and the trial court’s findings will only be disturbed if they are found to be so lacking in support as to be clearly erroneous. Fillion v. Cardinal, 2000 Mass. App. Div. 284. In undertaking such a review, an appellate court accords the findings considerable deference “because of the trial judge’s superior position to assess the weight, and particularly the credibility, of oral testimony.” Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95. The trial judge’s findings will not be disturbed if the judge “makes one of several possible choices of what facts are supported by the evidence.” W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744. In this case, no requests for findings of fact or rulings of law were filed with the court, and therefore nothing was preserved for appellate review.
After hearing all of the testimony and examining the exhibits the trial judge concluded that the automobile belonging to plaintiff/appellant “was not sideswiped while parked on the street.” There is nothing clearly erroneous in the findings of the trial court.
The appeal is dismissed.