LoConto, PJ.
The plaintiff commenced an action in the Westborough Division seeking repayment of a loan to the defendant. After trial held before the court on August 28,2003, a finding entered in favor of the defendant. Aggrieved of the finding, the plaintiff brought this Rule 8C appeal.
At trial and during this appeal, the plaintiff was represented by counsel and the defendant appeared pro se. Having failed to file a brief, the defendant was not permitted to be heard at oral argument. Dist./Mun. Cts. R A D. A, Rule 19(c). In addition to handwritten documents, the evidence at trial consisted of the testimony of the parties. At the trial’s conclusion, neither party submitted proposed findings of fact or rulings of law, and the trial judge made no such findings or rulings on his own. The issue presented by the plaintiff is whether the trial court’s decision was contrary to the weight of the evidence.
It is well settled that a judge in the district court presiding over a nonjury civil trial is not required to make written findings of fact, Mass. R Civ. P, Rule 52(c), or respond to a party’s requests for such findings, Ross v. Elwell, 57 Mass. App. Dec. 174 *22 (1976). Additionally, the judge is required to respond only to properly requested rulings of law.[1] Mass. R. Civ. R, Rule 64A(c).
In this case, neither party filed any requests for findings or rulings after the close of the evidence. Aggrieved of the court’s decision, the plaintiff filed a Notice of Appeal, with the intention of proceeding pursuant to Dist/Mun. Cts. R. A D. A, Rule 8C. The plaintiff’s brief summarizes the evidence and requests that this court reverse and remand the case for an assessment of damages. His argument relies on the weight of the evidence, suggesting that it did not support the ultimate finding by the court. We have reviewed the record and conclude that there was sufficient evidence to support the trial judge’s conclusion that the defendant should prevail, since the trial judge was in the best position to judge the credibility of the witnesses and determine the weight of the evidence. Fundamentally, the plaintiffs appeal must fail because he has neglected to present any issue of law for appellate review.
The plaintiff has “clearly fallen victim to what appears to be a not uncommon misconception that the three ‘methods of appeal’ set forth in Dist./Mun. Cts. R. A D. A, Rules 8A, 8B and 8C have somehow altered an appellant’s obligation to elicit rulings of law from a trial court which may be reviewed on appeal.” Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95. Although the plaintiff’s decision to utilize Rule 8C provides us with an opportunity to review all the evidence the trial judge had before him, this method of appeal does not eliminate the need to follow the rules of court to raise and preserve issues on appeal. Filing requests for rulings of law in compliance with Mass. R. Civ. R, Rule 64A is the most well-defined manner. It is only our review of the trial judge’s responses to said requests that permits an examination of the correctness of the trial judge’s application of the law to the facts as found by him.
Claiming the trial judge was clearly erroneous or mistaken does not raise and preserve an issue for appellate review. By the failure in this case to file appropriate requests for rulings of law, the plaintiff waived any right to appellate review of the trial judge’s ultimate finding for the defendant. This appeal presents nothing but an allegation that the trial judge committed error, and that allegation standing alone does rise to a level permitting appellate review “Nothing in either the District/Municipal Court Rules for Appellate Division Appeal, or in the new Massachusetts Rules of Civil Procedure into which the former District/Municipal Court Rules of Civil Procedure have been merged, alters the essential nature of appellate review or obviates the fundamental necessity of raising issues of law in the trial court.” Macone Brothers, Inc. v. Strauss, supra at 96. Therefore, we affirm the trial judge’s decision in favor of the defendant and dismiss the appeal.

 The establishment of civil One Trial, St. 2004, c. 252, effective for cases filed after August 31,2004, conferring on the judges in the district court “all powers and duties which a justice sitting in the superior court department has and may exercise” for cases subject to the new law, may require a revision of Rule 52(c) to be consistent with superior court practice.