Bernstein, J.
On November 18, 2002, the Plaintiff, Hunneman Real Estate Corporation (“Hunneman”), filed an action against the defendants, Alice M. Day (“Ms. Day”) and James Y. Day (“Mr. Day,” and together with Ms. Day, the “Days”) alleging that the Days breached a contract to pay Hunneman a commission for a sale of real estate it allegedly brokered. After trial, the court found in favor of the Days and for Hunneman on the counterclaim.
At the conclusion of the trial neither party submitted requests for rulings of law, as they may pursuant to Mass. R. Civ. R, Rule 64A. Counsel for the Days states that after the close of the trial, Hunneman attempted to present Requested Findings and Rulings of Law, and that the court refused to accept same, citing Mass. R. Civ. R, Rule 64A, which requires filing before the beginning of any closing arguments. Although the record does not reflect same, neither party disputes this fact. The court, ruling in favor of the defendants on the complaint, made no written findings of fact or rulings of law other than the finding for defendants. Hunneman’s subsequent motion for new trial and motion for findings by the court were both denied. Hunneman filed this appeal pursuant to Rule 8C of the Dist./Mun. Cts. R. A. D. A., solely on the issue of the sufficiency of the evidence at trial and relying on the record of the proceedings to demonstrate that the finding was wrong and contrary to the evidence. At issue is whether Hunneman has sufficiently preserved its rights of appellate review by not timely requesting rulings of law. For the reasons herein, the court affirms the decision of the trial court.
Stipulated Facts: The parties stipulated to the following facts at the commencement of the trial.[1] The Days were the owners of a multi-unit dwelling in Cambridge (the “Property”). They purchased the Property as an investment and never resided there. In early 1999, Ms. Paula Dowd, who was an agent of Coldwell *111 Banker Residential Mortgage (“Coldwell”),[2] inquired whether the Days were interested in selling the Property. Mr. Day informed Ms. Dowd that he was interested in selling it.
On or around February 10,1999, Ms. Dowd informed Mr. Day that she had a prospective buyer for the Property. Mr. Day told Ms. Dowd that he was going to pass on the offer.
Ms. Dowd then told Mr. Day that a Mr. Eder had made an offer to purchase the Property for $495,000. Mr. Eder signed an offer to purchase. The offer to purchase provided for a 6% commission from the seller of the Property to Cold-well upon the sale of the Property to Eder. Mr. Day negotiated the commission down to 5%. Mr. Day signed the offer on his own behalf and also signed Ms. Day’s name to it. Ms. Day later saw that her name had been signed to the offer to purchase.
After the inspection of the Property, Mr. Eder requested a reduction in the purchase price. Mr. Day refused to reduce it. Mr. Eder then told Mr. Day that he would purchase the property for the original price in the offer to purchase.
Mr. Day subsequently refused to sign the purchase and sale agreement and refused to sell the property to Mr. Eder. Mr. Eder filed a civil action in Superior Court seeking specific performance of the offer to purchase. Mr. Eder and the Days settled this action. As part of the settlement, the Days agreed to convey the property to Mr. Eder, or to an entity controlled by Mr. Eder, for $591,600.
On June 10, 2002, the Days conveyed the Property to Florence Street, LLC for $591,600. Eder controlled Florence Street, LLC. At this time, Coldwell made a demand on the Days for its real estate brokerage commission of 5% of the $591,600 purchase price, which was $29,580. The Days refused to pay the commission, and Hunneman commenced this action.
Discussion: Hunneman argues on appeal that the trial judge’s finding for the Days and subsequent denial of Hunneman’s motion for a new trial were clearly erroneous. In support of its contention, Hunneman refers to the stipulated facts and transcript of the proceedings. The references cited by Hunneman are insufficient to raise issues on appeal.
As the court stated in Macone Brothers, Inc. v. Strauss, 1997 Mass. App. Div. 95, 95-96, it is not the function of an appellate court, however, to conduct a de novo review of trial court evidence to determine anew questions of evidentiary weight and credibility and to substitute its judgment on issue of fact for that of the trial judge. Appellate review is strictly confined to consideration of issues of law appropriately raised in the trial court and preserved for appeal. Id. at 95. This principle was echoed in Skowronski v. Sachs, 62 Mass. App. Ct. 630 (2004) where the court stated, “It should be too elementary to require restatement here that appellate review in District [and Municipal] Court non-jury civil proceedings is limited to issues of law properly raised in the trial court and preserved for appeal by the filing of requests for rulings.” Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 172, 174. The burden for doing so is not onerous.”
In not filing timely requests pursuant to Rule 64A, however, inadvertently, plaintiff waived its basis for appeal.
If the trial judge had made written findings of fact, considerable deference would be shown. See Buster v. George W. Moore, Inc., 438 Mass. 635, 642 (2003) (deference to decisions of the trier of fact, who is in superior position to evaluate the evidence); Macone Brothers, Inc. v. Strauss, supra at 97 (same). The court, however, elected not to do so, nor was it required to do so. Mass. R. Civ. P., Rule 52 (c). As plaintiff did not timely file proper requests for rulings of law, the appeal *112 presents nothing more than their objection to the court’s general finding. Macone, supra at 96.
Accordingly, for the reasons stated above, the trial court’s finding is affirmed and the appeal is dismissed.

 Counsel for Hunneman read the stipulated facts into the record at the trial’s commencement.

 Hunneman was doing business as Coldwell Banker Residential Brokerage.