Cote, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal by defendant Coll, Sacchetti & Karpells, Inc. (“CS&K”) following entry of a $22,500.00 judgment in favor of the plaintiffs, Frank and Margaret Camerota (“Camerotas”). CS&K argues on appeal that the trial judge erred as a matter of law in failing to enforce the contract between the parties.
This case involves a dispute on the meaning of a contract. The Camerotas were owners of a commercial property destroyed by fire on or about July 12, 2000. Following the fire, the Camerotas sought the services of CS&K, a public adjuster, to advise and assist in the settlement of their fire loss insurance claim. Following discussions between Frank Camerota and Christopher Karpells, a CS&K principal, the parties agreed that CS&K would represent the Camerotas on a reduced fee basis. The pre-printed contract provided by CS&K contained the following language: “In compensation of this service, I hereby agreed to pay 10% (ten percent) of the total collectible amount of my loss as each settlement check is received.” By agreement, the parties crossed out the 10% figure and wrote “5%” in its place. CS&K eventually settled the Camerotas’ claim for $850,000.00. Taking the position that it was entitled to 5% of the $1.3 million it had negotiated with the insurer on a replacement cost basis, CS&K retained a fee of $65,000.00. The Camerotas took exception and argued that CS&K was entitled only to $42,500.00, representing 5% of the actual settlement amount. The parties failed to resolve their dispute and suit followed.
On appeal, CS&K argues that the trial judge erroneously premised his decision on a misinterpretation of CS&K’s letter, and that the unambiguous language of the contract required a finding for CS&K or, alternatively, if the language was ambiguous, the court should have considered the parties’ intentions in light of all the circumstances, including trade usage, course of dealings, communications and the *113 parties’ actions or omissions. CS&K further asserts that the trial judge also committed error in finding that a Policyholder’s Release executed by the Camerotas did not bar the Camerotas’ claim against CS&K Lastly, CS&K asserts that the trial judge committed error in denying its G.L.c. 93A counterclaim.
Requests for Rulings of Law. The District Court Appellate Division has statutory authority to rehear matters of law in civil cases. G.L.c. 231, §108. Requests for rulings are the only certain way to secure a separation of law from fact in cases tried without a jury. Brodeur v. Seymour, 315 Mass. 527, 530 (1944). Mass. R. Civ. P., Rule 64A establishes the framework for making requests for rulings of law. Such rulings may address either a relevant legal principle or the sufficiency of the evidence. Without such a request, questions of law which might have been raised thereby are not open on appeal. Burick v. Boston Elevated Ry. Co., 293 Mass. 431, 434 (1936). Findings of fact cannot be appealed unless there has been a request for a ruling that the finding is not warranted. Barton v. City of Cambridge, 318 Mass. 420 (1945). To obtain a ruling that the evidence is sufficient as a matter of law to permit a general finding in the requesting party’s favor, the requesting party shall file a written request for such ruling substantially in the following language: “The evidence warrants a finding for [requestor].” Mass. R. Civ. R, Rule 64A(b) 0). A request for a ruling of law that fails to conform to the requirements of Rule 64A “shall be deemed denied.” Rule 64A(c).
CS&K filed thirty-two Requests for Rulings of Law. The trial judge allowed three requests, and denied twenty Requests “as they are conclusions of law and not requests for rulings.” The trial judge ruled correctly in denying requests 3, 4, 5,6,7,8,9,13,14,18,21,22,23,24,28,29,30,31 and 32 because they failed to conform to the requirements of Rule 64A. The trial judge’s denial of requests 16 and 18 does not conflict with or otherwise undermine the fundamental legal axiom upon which his ultimate determination rests. That principle is found in request 11, which states that “ [t]he determination of whether a contract is in fact ambiguous is a question of law for the court to decide.” The trial judge allowed this request and his findings make it abundantly clear that he viewed the contract language as unambiguous and unmodified by the parties’ conduct or the custom and usage in the trade of public adjusting. His allowance of the three requests (11, 25 and 26) was also correct because each such request “concisely state [d] [a] relevant principle of law” that was “supported by appropriate legal citation.” Mass. R. Civ. R, Rule 64A(a). We interpret the trial judge’s conclusion that nine requests (1,2,10,12,15, 17,19,20 and 27) are “warranted” to mean that they are allowed as correct and relevant legal principles that were considered but found not to be dispositive in making his determination that the contract language was unambiguous in the Camerotas’ favor. The trial judge’s findings were not clearly erroneous and therefore shall not be set aside. Mass. R. Civ. R, Rule 52(c). Moreover, CS&K’s failure to submit properly framed requests for rulings on the sufficiency of the evidence to warrant a finding that the contract unambiguously gave it a right to payment of 5% of the replacement cost value of the destroyed property bars it from raising the issue on appeal.
The Contract. On October 17, 2000, Barbara Greany, on behalf of CS&K wrote a letter to the Camerotas that was hand delivered to Frank Camerota (Joint Exhibit 4). The trial judge viewed that letter as suggesting that the Camerotas were obligated to compensate CS&K 10% of the actual cash settlement as a result of their decision to accept an actual cash value settlement in lieu of the replacement cost value of the property. The letter states in relevant part: “If you purchased a Replacement Cost Policy and qualify for the coverage, as explained by our firm, you have been or will be invoiced for the replacement/repair cost value of your settlement including any ‘Code Upgrade’ coverage that exists or 10% of the actual cash value settlement plus expenses.” An attachment to the letter, entitled “Settle *114 ment Breakdown,” indicates that CS&K charged the Camerotas $65,000.00 for its services, “ (5% of Collectible RCV Building - $1,300,000)It is likely that in writing the letter, Ms. Greany was either unaware of the 5% arrangement or mistakenly used a standard form letter without making the appropriate change from 10%, CS&K’s standard fee, to 5%, the fee it negotiated with the Camerotas. The Settlement Breakdown makes it clear, however, that CS&K asserted entitlement to 5% of the replacement cost value it alleged to have negotiated with the Camerotas’ insurer and not the 5% of the actual settlement amount. Apparently, the trial judge did not credit evidence to the contrary and determined that the contract phrase “total collectible amount" unambiguously meant the amount actually paid by the insurer in settlement of the claim and not the greater replacement value of the destroyed building (Defendant's Request for Ruling of Law Number 11). CS&K failed to make conforming requests for rulings directed to the sufficiency of the evidence supporting the trial judge’s determination and is, therefore, barred from raising the issue on appeal. Although the trial judge may have misinterpreted Ms. Greany’s letter, his reading of the contract was plausibly supported by the evidence in light of the entire record.
The Release. The trial judge determined that the Policyholder’s Release was drafted by the insurer and pertained specifically to the relationship between the insurer and the Camerotas. CS&K failed to submit conforming requests for rulings of law addressing the sufficiency of the evidence supporting the judge’s finding. Moreover, although not in proper form, the trial judge allowed request number 2, setting forth the language contained in the release. The trial judge correctly ruled that the release does not bar the Camerotas from bringing this action against CS&K
Appellant’s G.L.c. 93A Counterclaim. The trial judge specifically ruled for the Camerotas on Counts I and II of their complaint alleging breach of contract and making false representations. He did not make specific findings with respect to CS&K’s counterclaim alleging a violation of G.L.c. 93A, §11. However, such a finding is implicit in the decision and otherwise memorialized in the Rule 58 Judgment. The trial judge allowed two of CS&K’s Requests for Rulings on applicable legal principles. However, because CS&K failed to make proper requests testing the sufficiency of the evidence, it waived its right of appeal on the issue.
Accordingly, the judgment is affirmed.
So ordered.