Greco, J.
Fleet Supply Company, Inc. (“Fleet”) sold automotive and trucking supplies to Wood Waste of Boston, Inc., Budget Waste Systems, Inc. and Great Northern Site Corporation, three interrelated companies doing business at the same location in Everett, Massachusetts (collectively, ‘Wood Waste”). In its complaint, Fleet alleged that Wood Waste had failed to pay $7,734.00 for various items which had been ordered. After a jury-waived trial, the judge found for Fleet in the amount it sought, plus costs and interest for a total judgment of $10,125.46. Neither party had filed requests for rulings of law.
On appeal, Wood Waste contends that the trial judge erred by excluding from evidence a document purporting to show that Wood Waste had returned to Fleet various items for which it should have received a credit that would have substantially reduced the amount due. Wood Waste further argues that the trial judge erred in failing to find that it was Fleet’s practice to accept such returns, and that its refusal to accept returns that would have wiped out the balance due was consequentially unjustified.
At trial, there was a factual dispute as to whether merchandise was returned and whether credits were due. Testimony from Wood Waste employees indicated the following: In July of 2003, Wood Waste representatives met with Fleet’s president, who agreed to accept the return of some unused filters for a full credit. That agreement was consistent with Fleet’s prior practice of accepting such returns. Shortly after the July meeting, Wood Waste returned the filters in the expectation of a credit of $4,506.10. Instead, Fleet commenced this action. Fleet countered with testimony at trial of a different scenario. Fleet acknowledged that there was a July meeting, but indicated that its president merely offered at that meeting to give Wood Waste a twenty (20%) percent discount on Fram oil filters provided that Wood Waste paid all outstanding invoices within fourteen days. No such payments were made. Moreover, Wood Waste did not return items for a credit. Fleet’s president testified that he personally searched the company’s offices and warehouses for the allegedly returned items and found none. The trial judge was faced with the resolution of these conflicting positions.
1. Evidentiary issue. Wood Waste sought to have admitted into evidence a two-page, undated, typed document, the first page of which was headed, “FILTERS RETURNED” and the second page, “FILTERS TO BE RETURNED.” Below these headings were columns of figures listing a quantity, the filter part number, the cost of one such filter, and the total cost. Grand totals of the cost of all the *170 items were indicated at the bottom of each page. The president of the defendant companies testified that he prepared the document “in the normal course of business” in the summer of 2003 with the assistance of his bookkeeper. However, on cross-examination, he testified that the document was prepared in response to a letter sent by Fleet’s counsel on September 5, 2003. The document was admitted into evidence as Exhibit No. 13. Subsequently, when Fleet moved to exclude the exhibit, the trial judge indicated she would hear the parties at a later point on that motion. There was further testimony from the “shop supervisor” at Wood Waste that he “took an inventory” of items the company intended to return to Fleet, made a list, boxed the items, and instructed another employee to return them. Exhibit No. 13 was not the list the supervisor prepared. There was also testimony by Wood Waste’s bookkeeper that he provided the president of Wood Waste with invoices from Fleet for his use in preparing No. 13.
After the admissibility of No. 13 was re-argued, the trial judge excluded it. There was no error. “[A] document is admissible as a business record if the judge finds that it was: (1) made in good faith; (2) made in the regular course of business; (3) made before the action began; and (4) the regular course of business to make the record at or about the time of the transaction or occurrences recorded.” Beal Bank, SSB v. Eurich, 444 Mass. 813, 815 (2005). There were two problems here. First, contrary to the testimony of Wood Waste’s president, the creation of Exhibit No. 13 was not a regular event. While a lawsuit may not have been filed, a dispute had already arisen. The alleged return of the filters was a specific response to a particular problem. More fundamentally, the transaction or occurrence involved, it would appear, was the return of the items. According to the shop supervisor, that happened in July, two months before the president of Wood Waste prepared Exhibit No. 13 in response to Fleet’s September 3rd letter. In these circumstances, the record was not made “at or about the time” of the occurrence; i.e., the alleged return of the filters. Finally, Exhibit No. 13 is not analogous to the computer printouts discussed in Beal Bank. Such printouts depict records of prior events, electronically stored at the time of the event in a form that can be later retrieved, thereby obviating the need for the storage of paper documents. Exhibit No. 13 appears to be a self-serving recompilation related to a prior event. Nor can it be considered a reflection of Fleet’s own business records. Fleet’s invoices documented items shipped, not returned.
In any event, any conceivable error in the admission of Exhibit No. 13 was clearly harmless. The trial judge had already admitted into evidence a document (Exhibit No. 6) which, apart from a few inconsequential handwritten corrections, contained the same substantive information that appears on the first page of No. 13. Exhibit No. 6 listed all the same items allegedly returned to Fleet on September 5, 2003, and the number and cost of each item (for example, four of Filter No. PH8APRO at a cost of $6.20 per filter). The only difference is that No. 6 did not tally the total cost for all of the particular items listed (in the above example, $24.80). Exhibit No. 6 also did not indicate a grand total of the cost of all items listed. The trial judge thus had all the information contained in No. 13, but, as indicated by her finding, did not believe that the items had been returned. It would be unreasonable even to consider that the trial judge chose not to credit the testimony about the returns simply because she did not want to take out a calculator and do the arithmetic. Moreover, the second page of Exhibit No. 13 (which purported to list the filters Wood Waste would have returned but for Fleet’s refusal to accept the first batch) was simply irrelevant. The items listed were not returned. Wood Waste chose to keep them. It never filed a counterclaim stating that it was owed money for the unreturned items. It would make abso *171 lutely no sense for the trial judge, having rejected page one of Exhibit No. 13, to have attached any significance to page two.
2. Sufficiency of the evidence. In its remaining arguments on appeal, Wood Waste quarrels with the trial judge’s finding for Fleet. However, Wood Waste failed to preserve any issue as to the sufficiency of the evidence by neglecting to file “either a Mass. R. Civ. R, Rule 64A(b), request for ruling of law as to the insufficiency of the evidence, or a Mass. R. Civ. R, Rule 41(b)(2), motion for involuntary dismissal, and is thus not entitled to appellate consideration” of the adequacy of the evidence to support the court’s finding. Cambridge Chamber of Commerce v. Central Sq. Ins. Agency, Inc., 1999 Mass. App. Div. 27, 29. Assuming, arguendo, that in this procedural posture the judge’s finding could be set aside if “clearly erroneous,” Starr v. Fordham, 420 Mass. 178, 186 (1995), Wood Waste would not be entitled to relief. The trial judge was “free to disbelieve even uncon-troverted testimony!.]” Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 96. Here, however, the judge was presented with evidence clearly in conflict. She was free to credit Fleet’s account of what transpired at any meeting between the parties, and she was free to reject the evidence presented by Wood Waste concerning returned items and credits due.
Accordingly, the trial court’s judgment is affirmed. The defendants’ appeal is dismissed.
So ordered.