Brennan, J.
Cantarella Realty, Inc. commenced this action for breach of contract and unjust enrichment to recover the difference between the rent paid by the defendants, Restorations, Inc. and Eric Taylor, and the fair rental value of the commercial premises for the 19-month period the defendants remained in possession following the expiration of their written lease. After trial, the judge issued a memorandum of decision, allowed all but one of the defendants’ requests for rulings of law, and ordered judgment for the plaintiff. The defendants filed this appeal.
It was undisputed that in May, 1999, the defendants signed a five-year lease of commercial premises owned by the plaintiff in Pittsfield. The lease provided for a monthly rent of $1,450.00 for the first three years, $1,607.00 during the fourth year, and $1,664.00 in the fifth or last year of the lease. The lease also granted the defendants an option to extend for two additional lease terms (totaling five years) upon the defendants’ written notice to the plaintiff by March, 2004 of the exercise of that option. The defendants paid only $1,450.00 per month in rent for the entire five-year lease term, neglecting to pay the increases required by the escalator clause for years four and five. The defendants did not exercise their option to extend the lease, which expired by its own terms at the end of the fifth year in 2004.
The defendants remained in possession for 19 months following the termination of the lease and continued to pay only $1,450.00 per month, the rent required during the first three years of the expired lease. There was no express agreement between the parties as to either the defendants’ continued possession, or the rent due during such possession. Nor did the expired lease contain any provision as to the amount of rent due during any holdover period.
In May, 2005, the plaintiff made the first of several demands on the defendants to pay both the rent differential for lease years four and five, plus the market rental value (less the defendants’ $1,405.00 monthly payments) of the premises during the defendants’ holdover period. The plaintiff determined that market value to be *136 $1,664.00 per month, the rent specified in the lease for year five. After the plaintiffs third demand in September, 2005 and its service on the defendants of notices to quit, the defendants paid $4,452.00 for the rent differential required for lease years four and five. The defendants refused, however, to pay any additional moneys for their continued occupancy. The plaintiff filed this action.
At the jury-waived trial, the defendants argued that although they became tenants at sufferance immediately upon the expiration of the lease, their continued monthly payments of $1,450.00 in rent and the plaintiff’s acceptance of those payments without protest created an implied contract for a tenancy at will for $1,450.00 per month. Conversely, the plaintiff contended that neither party was aware of the defendants’ failure to pay the rent increases; that both parties mistakenly believed that they were proceeding at all times in accordance with lease terms; and that there was no express, or implied, agreement during the defendants’ holdover for a tenancy at will, or for any occupancy for an amount less than the fair rental value of the premises. In a memorandum of decision captioned “Findings and Order,” the trial judge concurred with the plaintiff, concluding that there was no implied agreement between the parties for a tenancy at will, that the defendants were, thus, obligated to pay the fair rental value of the leased premises during the holdover period, and that such value was the amount of rent stipulated in the lease by the parties for the fifth year.[2]
1. The essence of the defendants’ arguments on this appeal is that the trial judge’s findings of fact were unsupported by, or inconsistent with, the evidence adduced at trial. The defendants failed, however, to preserve that issue for appellate review.
Under the procedural rules applicable at the time of the adjudication of this case,[3] issues of law in district court civil bench trials were properly raised in the trial court and preserved for appeal by the filing of Mass. R. Civ. R, Rule 64A *137 requests for rulings of law. Owens Gen. Contr., Inc. v. Grzyb, 2007 Mass. App. Div. 134; Hunneman Real Estate Corp. v. Day, 2005 Mass. App. Div. 110, 111. Although the defendants filed ten requests, none of them sought a ruling on the sufficiency of the evidence to permit a finding for the plaintiff, or to require a finding for the defendants. See Skowronski v. Sachs, 62 Mass. App. Ct. 630, 631-632 (2004); Interama, Inc. v. Quieri, 2002 Mass. App. Div. 72. As the defendants failed to file either a Rule 64A(b) request specifically testing the sufficiency of the plaintiffs evidence, or a Mass. R. Civ. E, Rule 41(b) (2) motion for involuntary dismissal at the close of the plaintiffs case, see Mark Bombara Interior Design v. Bowler, 446 Mass. 413, 418 (2006); Skowronski, supra at 632-633; Fleet Supply Co. v. Wood Waste of Boston, Inc., 2006 Mass. App. Div. 169, 171, they effectively waived any consideration on appeal of the sufficiency of the evidence to support the court’s finding for the plaintiff. Ronan v. Donaroma’s Nursery & Landscape Servs., Inc., 2007 Mass. App. Div. 6; Camerota v. Coll, Sacchetti & Karpells, Inc., 2005 Mass. App. Div. 112, 113.
Nor, as the defendants suggest, are they entitled to appellate consideration of whether the trial judge’s findings of fact were “clearly erroneous.” See Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 172. The reason is that appellate review based on the “clearly erroneous” standard is limited to formal findings of fact made by a judge under Mass. R. Civ. R, Rule 52. In this case, the trial judge included a disclaimer in his memorandum of decision, in accordance with Stigum v. Skloff, 433 Mass. 1011 (2001), indicating that his statement of the reasoning underlying his judgment for the plaintiff did not constitute “findings of fact made pursuant to Rule 52 (a).” Consequently, there are no judicial findings to which the “clearly erroneous” standard could be applied by this Division. See Cardoza v. Cardoza, 2006 Mass. App. Div. 137, 138.
As noted, the defendants did file ten Rule 64A(a) requests for rulings that set forth general propositions of law. The trial judge allowed nine of those requests, and there could be no appeal by the defendants of the allowance of their own requests. Dowse v. Brockunier, 1992 Mass. App. Div. 44, 47. Thus, the scope of the defendants’ appeal is necessarily restricted to a review of the one request they filed that was denied by the trial judge.
2. The judge denied the defendants’ request for ruling number 6, which stated:
If there is nothing more than payment and acceptance, a tenancy at will is created. Mastrullo v. Ryan, 328 Mass. 621, 624 (1952); ‘payment and acceptance of rent, standing alone, are prima facie proof of the creation of a tenancy at will.’ Staples v. Collins, 321 Mass. 449, 451 (1947); See also Gordon v. Sales, 337 Mass. 35, 36 (1958).
The request was predicated on an assumed fact not found by the judge, was inconsistent with the evidence at trial, and was properly denied. See Carvalho v. Shaker, 362 Mass. 870 (1972); Goldberg v. F.W. Woolworth Co., 1992 Mass. App. Div. 230, 231. Contrary to the defendants’ request, this was not a case in which there was “nothing more” than payment and acceptance. There was, as the trial judge concluded, the parties’ shared mistaken assumption that each side continued to perform in compliance with the written lease. A “tenancy at will is a relationship based upon agreement,” Rubin v. Prescott, 362 Mass. 281, 284 (1972), that “cannot be created or maintained without the consent of both the landlord and tenant.” Everett St. *138 Realty Trust v. Hynes, 2002 Mass. App. Div. 10, 11. See also McKenna v. Begin, 5 Mass. App. Ct. 304, 308 (1977). The trial judge could have properly concluded that the parties’ misunderstanding of the terms and nature of the defendants’ continuing occupancy of the premises prevented the formation of the requisite intent to create a tenancy at will.
There being no error, the appeal is dismissed.
So ordered.

 The trial judge found, in relevant part: “From the evidence it is clear that there was no implied agreement between the parties as both parties mistakenly believed that they were strictly performing their written agreement. They were both surprised to learn that the various rent escalators were both due and unpaid. Thus, if the lease were not extended, the relationship between the parties remains that of a tenancy-at-sufferance, in which case both parties agree the use and occupation shall be determined by the trier of the fact in an amount that represents the fair rental value of the premises for the time it was so occupied. In this case the parties agreed five years before the commencement of the putative tenancy-at-sufferance as to the value of the use and occupation of the space. The value they chose was what a willing tenant agreed to pay a willing landlord. There could be no better evidence of the fair rental value of the premises, and I find that the fair rental value of the space occupied by [the defendants] after June 2004 was the rent set forth on the addendum for that period.”

 Both the trial and the entry of judgment were completed in March, 2007, almost a full year before the March 1, 2008 repeal of Mass. R. Civ. R, Rule 64A (requiring requests for rulings of law) and amendment of Mass. R. Civ. R, Rule 52. The latter now provides for judicial findings of fact upon a party’s request in a district court jury-waived civil trial.